**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MORGAN BRADY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: 10-493 |
| | * | |
| BANK OF AMERICA, BAC HOME | * | |
| LOANS SERVICING, LP, A, B, and/or | * | |
| C, as individuals, firms, entities or | * | |
| corporations responsible for the acts | * | |
| complained of herein, all of whose names | * | |
| and legal identities are unknown to the | * | |
| Plaintiff at this time but will be substituted | * | |
| by amendment when ascertained, separately | * | |
| and severally. | * | |
| | * | |
| Defendants. | * | |

**NOTICE OF REMOVAL**

Defendants Bank of America, N.A. ("BANA") and BAC Home Loans Servicing, LP ("BAC Servicing") file this Notice of Removal of this action from the Circuit Court of Baldwin County, Alabama, where it is now pending as Civil Action No. CV-2010-901446.00, to the United States District Court for the Southern District of Alabama, Southern Division, the District Court of the United States for the District and Division embracing the place where this action is pending.  In support of this Notice of Removal, BANA and BAC Servicing state as follows:

**Parties**

1.      Plaintiff Morgan Brady is an individual resident of Baldwin County, Alabama.

2.      BANA is a national banking association with its principal place of business in North Carolina.  BAC Servicing is a Texas limited partnership with its principal place of business in Texas.

{MB010806.1}

3. Fictitious party pleading is not allowed in federal court, and, for purposes of this removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

**The Notice of Removal is Timely and Properly Filed**

4. BANA and BAC Servicing remove this action on the grounds that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has federal question jurisdiction over this action because plaintiff's complaint asserts claims which arise under the laws of the United States. Defendants alternatively remove this action on the grounds that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute. There is complete diversity of citizenship between plaintiff and defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b). BAC Servicing was the first properly served defendant, service having been perfected on BAC Servicing on August 13, 2010. (*See* Notice of Service, attached hereto as part of Exhibit A.) Although there exists some confusion over the service of BANA, as reflected in filings contained in Ex. A, the issue is irrelevant as to the timeliness of this removal -- even if BANA were properly served, such service, as alleged by plaintiff in her state court motion contained in Ex. A, was perfected on August 11, 2010. (*See* Motion to Deem Bank of America Served, attached hereto as part of Ex. A.) Thus, this Notice of Removal is timely filed under either service scenario.

6. A true and correct copy of all process, pleadings, and orders are filed herewith as required by 28 U.S.C.§ 1446(a). *See* Ex. A. The necessary filing fee has been paid with this

Notice.  A copy of this Notice of Removal is being served on counsel for plaintiff, as set forth in the attached Certificate of Service, and is being filed with the Clerk of the Circuit Court of Baldwin County, Alabama.

### The Court Has Federal Question Jurisdiction

7.      Plaintiff's complaint expressly asserts claims arising under the laws of the United States.  Specifically, plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair and Accurate Credit Transactions Act, Pub. L. 108-159, 117 Stat. 1952. (*See* Compl. at Count V).  Plaintiff alleges that BANA and BAC Servicing failed to comply with the requirements imposed by these federal statutes, and, as a consequence of these purported violations, she "has suffered actual damages which continue today and are expected to continue in the future; and great mental and emotional distress which continues today and is expected to continue in the future."  (Compl. at ¶ 37).

8.      Plaintiff also asserts a federal claim for defendants' alleged violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.  (*See* Compl. at Count VIII).  Plaintiff alleges that BAC Servicing failed to properly investigate and respond to plaintiff's qualified written request, thereby violating RESPA.  (*Id*. at ¶s 47, 49).  Thus, federal question jurisdiction exists under 28 U.S.C. § 1331, and this case is properly removable.

9.      This Court has jurisdiction over the state law claims in the remaining counts of plaintiff's complaint under 28 U.S.C. § 1367 because these claims arise out of the same operative facts (the same factual allegations are incorporated and used to support each of the causes of action) as the plaintiff's federal claims asserted in Count V and VIII and "form part of the same case or controversy under Article III of the United States Constitution."  Removal of this entire action is therefore proper under 28 U.S.C. § 1441(c).

## The Court Has Diversity Jurisdiction

10.     As stated above, as an alternative and additional ground supporting removal, there is complete diversity between plaintiff and defendants, and the amount in controversy exceeds $75,000, exclusive and interest and costs.  Accordingly, this case also is removable under 28 U.S.C. § 1332 and 1441(a).

11.     On the face of the complaint, plaintiff alleges that defendants have violated an alleged Loan Modification Agreement, attached as Ex. C to plaintiff's complaint, in the amount of $149,927.81.  Plaintiff further asserts that this loan is reported by defendants as being in default.  (*See* Compl. at ¶ 21).  Accordingly, plaintiff's complaint, and the exhibits attached thereto, establish an amount in controversy in excess of $75,000, exclusive of interest and costs.

## Conclusion

12.     In the event that plaintiff files a motion to remand, or the Court considers remand *sua sponte*, defendants respectfully request the opportunity to submit additional argument or evidence as may be appropriate and necessary in support of removal.

WHEREFORE, defendants file this Notice of Removal and remove this civil action to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted,

/s/Kirkland E. Reid
Kirkland E. Reid (REIDK9451)
Kenneth  S. Steely (STEEK4183)
Attorneys for Defendants Bank of America,
N.A. and BAC Home Loans Servicing, LP

OF COUNSEL:

Jones, Walker, Waechter, Poitevent,
     Carrere & Denegre L.L.P
Post Office Box 46
Mobile, Alabama 36601
Telephone:  (251) 432-1414
E-mail:   kreid@joneswalker.com
         ksteely@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 9th day of September 2010, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and will send a copy, via U.S. Mail, to the following:

C. Andrew Harrell, Jr.
B. Andrew Monaghan
1703 Gulf Shores Parkway
Gulf Shores, AL 36542
Attorneys for Plaintiff

/s/Kirkland E. Reid