| State of Alabama<br>**Unified Judicial System**<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>05-CV-201<br>Date of Filing:<br>08/05/2010 |
|---|---|---|

ELECTRONICALLY FILED<br>8/5/2010 6:45 PM<br>CV-2010-901446.00<br>CIRCUIT COURT OF<br>BALDWIN COUNTY, ALABAMA<br>JODY WISE CAMPBELL, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT OF BALDWIN COUNTY, ALABAMA
### MORGAN BRADY v. BANK OF AMERICA ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
    Appeal/Enforcement of Agency Subpoena/Petition to
    Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
    Judgment/Injunction Election Contest/Quiet Title/Sale For
    Division
☐ CVUD-Eviction Appeal/Unlawful Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**      A ☐ **APPEAL FROM DISTRICT COURT**      O ☐ **OTHER**

   R ☐ **REMANDED**      T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   HAR241      8/5/2010 6:37:36 PM      /s CHARLES ANDREW HARRELL

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No  ☐ Undecided

ELECTRONICALLY FILED
8/5/2010 6:45 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| MORGAN BRADY, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.:   05-CV-2010-_____ |
| BANK OF AMERICA, BAC HOME | * | |
| LOANS SERVICING, LP, A, B, and/or | | **JURY TRIAL DEMANDED ON** |
| C, as individuals, firms, entities or | * | **ALL COUNTS** |
| corporations responsible for the acts | | |
| complained of herein, all of whose names | * | |
| and legal identities are unknown to the | | |
| Plaintiff at this time but will be substituted | * | |
| by amendment when ascertained, separately | | |
| and severally, | * | |
| Defendants. | * | |

### COMPLAINT

### PARTIES

1.      The Plaintiff, Morgan Brady, is a resident of Baldwin County, Alabama.

2.      The Defendant, Bank of America, is, upon information and belief, a North Carolina business entity which does business in Baldwin County, Alabama and is qualified to do business in the State of Alabama.

3.      The Defendant, BAC Home Loans Servicing, LP, is, upon information and belief, a Texas business entity which does business in Baldwin County, Alabama but is not qualified to do business in the State of Alabama.  Upon information and belief, BAC Home Loans Servicing, LP, is a wholly owned subsidiary of Bank of America.

4.      The Defendants, A, B and/or C, are those certain individuals, firms, entities or corporations responsible for the acts complained of herein, all of whose names and legal identities are unknown to the Plaintiff at this time but will be substituted by amendment when ascertained,

separately and severally.

## COMMON FACTUAL ALLEGATIONS AS TO ALL COUNTS

5.      On or about May 9, 2007, the Plaintiff borrowed the amount of $149,000 (the "Loan")
from Countrywide Home Loans, Inc. ("Countrywide"), to be used for the purchase of her home,
which is located in Baldwin County, Alabama. In exchange for the Loan, Plaintiff executed a
promissory note (the "Note") to Countrywide in which she promised to repay the Loan in accordance
with its terms and further conveyed a mortgage (the "Mortgage") to Countrywide as security for the
Loan. (A copy of the Note is attached hereto as Exhibit "A", and a copy of the Mortgage is attached
hereto as Exhibit "B").

6.      Plaintiff timely made all of her payments in accordance with the terms of the Note
through November 2008. However, beginning in September 2008, Plaintiff begin making inquiries
to Countrywide concerning refinancing the Loan at a lower interest rate. Due to a low appraisal of
the property, she was not approved for refinancing.

7.      In October 2008, Plaintiff became sick, causing her to miss significant amounts of
work. During that time, she contacted Countrywide in an attempt to negotiate making up payments
she believed she would not be able to make. At that time Countrywide informed her that they cannot
work with her until she is actually in default. Plaintiff then makes her October and November 2008
payments.

8.      Pursuant to the said conversation with a Countrywide representative, Plaintiff did not
make her December 2008 or January 2009 Loan payments.

9.      In January 2009, Plaintiff contacted Countrywide again to discuss a way for Plaintiff
to modify the Loan in order to bring it current. At that time, Plaintiff informed Countrywide that she

2

would be able to make her February 2009 Loan payment. However, she is instructed by Countrywide not to make her payment, because Countrywide was working on an agreement to modify her Loan.

10.     Plaintiff received a letter from Countrywide in February 2009 informing her of the modifications in the Loan payments. Along with the said letter Countrywide enclosed a document entitled "Loan Modification Agreement". (A copy of the letter and Loan Modification Agreement are attached hereto collectively as Exhibit "C".) Plaintiff executed the Loan Modification Agreement on February 24, 2009, and subsequently returned it to Countrywide. (See Ex. "C".)

11.     The Plaintiff thereafter began making her payments in accordance with the Loan Modification Agreement.

12.     In approximately May 2009, Plaintiff began receiving statements for payments inconsistent with the terms of the Loan Modification Agreement. Plaintiff contacts Countrywide and was informed not to worry, because the system had not caught up. Plaintiff further contacted Countrywide in June and July 2009 upon receiving similar statements and is again told not to worry.

13.     Upon information and belief, Defendant Bank of America acquires Countrywide in the summer of 2009. Thereafter, Defendant BAC Home Loans Servicing, LP ("BAC"), which, upon information and belief, is wholly owned by Bank of America, began servicing the Loan.

14.     In at least late August 2009, BAC for Bank of America sent Plaintiff a statement for a payment inconsistent with the Loan Modification Agreement. (A copy of the August 28, 2009 statement is attached hereto as Exhibit "D".) The said August statement provides in part that "If you and BAC Homes Loans Servicing, LP have entered into an agreement to address your monthly payments, please make payments in accordance with this agreement."

3

15.     Plaintiff then continued to make her payments in accordance with the Loan Modification Agreement for August, September and October 2009 even though she continued to receive statements inconsistent with the Loan Modification Agreement.

16.     Also in October 2009, Plaintiff received a letter from Freddie Mac stating that she may be eligible for the Home Affordable Modification Program, because she is late on her Loan payments. (A copy of the letter from Freddie Mac is attached hereto as Exhibit "E".)

17.     Plaintiff continued to contact Defendants in an effort to resolve the issues with her Loan to no avail. Although she missed her December 2009 Loan payment out of frustration, Plaintiff has made all other Loan payments in accordance with the Loan Modification Agreement or the statements from Defendants.

18.     Defendants have failed or refused to honor the terms of the Loan Modification Agreement to which they are a successor by virtue of acquiring Countrywide and have failed to credit any of the Plaintiff's Loan payments beginning in March 2009. Instead, Defendants have placed all of Plaintiff's payments in escrow and have reported all of her payments as late to all credit reporting agencies causing her credit score to be negatively impacted.

## COUNT I
## BREACH OF CONTRACT

19.     Plaintiff hereby incorporates by reference all allegations contained in Paragraphs 1 through 18 hereof as if fully set out herein.

20.     The Plaintiff and the Defendants as successors in interest to Countrywide entered into a Loan Modification Agreement for Plaintiff to continue to make her Loan payments in accordance with its terms.

4

21.     The Defendants breached the Loan Modification Agreement with the Plaintiff by (a) failing to credit her Loan payments to her account and (b) reporting Plaintiff's Loan as being in default despite her making payments.

22.     As a proximate result of the Defendants' breach, the Plaintiff has suffered actual damages which continue today and are expected to continue in the future.

WHEREFORE, the Plaintiff demands compensatory damages against the Defendants, plus interest and costs, and for such other, further or different relief to which the Plaintiff may be entitled.

## COUNT II
## INVASION OF PRIVACY

23.     Plaintiff hereby incorporates by reference all allegations contained in Paragraphs 1 through 22 hereof as if fully set out herein.

24.     The wrongfully reporting of late payments on Plaintiff's credit reports as described herein constitutes a wrongful intrusion and an invasion of the Plaintiff's privacy.

25.     As a proximate result of the above described conduct of the Defendants, Plaintiff has suffered actual damages which continue today and are expected to continue in the future; and great mental and emotional distress which continues today and is expected to continue in the future.

WHEREFORE, the Plaintiff demands compensatory damages and punitive damages, plus interest and costs, against Defendants, plus such other, further or different relief to which the Plaintiff may be entitled.

## COUNT III
## DEFAMATION

26.     Plaintiff hereby incorporates by reference all allegations contained in Paragraphs 1 through 25 hereof as if fully set out herein.

5

27.     The wrongfully reporting of late payments on her credit reports as described herein constitutes defamation of the Plaintiff.

28.     As a proximate result of the above described conduct of the Defendants, Plaintiff has suffered actual damages which continue today and are expected to continue in the future; great mental and emotional distress which continues today and is expected to continue in the future; and her reputation has been damaged.

WHEREFORE, the Plaintiff demands compensatory damages and punitive damages, plus interest and costs, against Defendants, plus such other, further or different relief to which the Plaintiff may be entitled.

## COUNT IV
## FRAUDULENT MISREPRESENTATION

29.     Plaintiff hereby incorporates by reference all allegations contained in Paragraphs 1 through 28 hereof as if fully set out herein.

30.     Beginning in January 2009, the Defendants represented to the Plaintiff that (a) she should not make her January or February 2009 payments because the Loan would be modified, (b) that the Loan was in fact modified, and (c) that she should not worry about the monthly statements inconsistent with the Loan Modification Agreement.

31.     The representations of the Defendants were false and the Defendants knew they were false or the Defendants, without knowledge of the true facts, recklessly misrepresented the facts or the Defendants made the representations by mistake but with the intention that Plaintiff should rely on them.

32.     The Plaintiff believed the said representations and relied on them and acted upon them.

6

33.     As a proximate result of the said fraud, the Plaintiff was caused to suffer actual damages which continue today and are expected to continue in the future; and great mental and emotional distress which continues today and is expected to continue in the future.

WHEREFORE, the Plaintiff demands compensatory damages and punitive damages, plus interest and costs, against Defendants, plus such other, further or different relief to which the Plaintiff may be entitled.

## COUNT V
## FAIR CREDIT REPORTING ACT VIOLATIONS

34.     Plaintiff hereby incorporates by reference all allegations contained in Paragraphs 1 through 33 hereof as if fully set out herein.

35.     Defendants were "furnishers" of credit information as defined by the Fair Credit Reporting Act and the Fair and Accurate Credit Transaction Act described in Title 15, Chapter 41 of the United States Code.

36.     Defendants negligently failed to comply with the requirements imposed by the Fair Credit Reporting Act and/or the Fair and Accurate Transaction Act.

37.     As a proximate result of the above described conduct of Defendants, the Plaintiff has suffered actual damages which continue today and are expected to continue in the future; and great mental and emotional distress which continues today and is expected to continue in the future.

WHEREFORE, the Plaintiff demands compensatory damages, plus interest and costs and reasonable attorneys fees as defined by the Act against Defendants, plus such other, further or different relief to which the Plaintiff may be entitled.

7

## COUNT VI
## NEGLIGENCE

38.     Plaintiff hereby incorporates by reference all allegations contained in Paragraphs 1 through 37 hereof as if fully set out herein.

39.     Defendants negligently managed the Loan and negligently reported false derogatory information to the credit bureaus.

40.     As a proximate result of the above described conduct of the Defendants, Plaintiff has suffered actual damages which continue today and are expected to continue in the future; and great mental and emotional distress which continues today and is expected to continue in the future.

WHEREFORE, the Plaintiff demands compensatory damages against the Defendants, plus interest and costs, and for such other, further or different relief to which the Plaintiff may be entitled.

## COUNT VII
## WANTONNESS

41.     Plaintiff hereby incorporates by reference all allegations contained in Paragraphs 1 through 40 hereof as if fully set out herein.

42.     Defendants wantonly managed the Loan and wantonly reported false derogatory information to the credit bureaus.

43.     As a proximate result of the above described conduct of the Defendants, Plaintiff has suffered actual damages which continue today and are expected to continue in the future; and great mental and emotional distress which continues today and is expected to continue in the.

WHEREFORE, the Plaintiff demands compensatory damages and punitive damages, plus interest and costs, against Defendants, plus such other, further or different relief to which the Plaintiff may be entitled.

8

## COUNT VIII
## RESPA VIOLATIONS

44.     Plaintiff hereby incorporates by reference all allegations contained in Paragraphs 1 through 43 hereof as if fully set out herein.

45.     The Plaintiff, by and through her attorney, sent a qualified written request as written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that **(i)** included, or otherwise enabled the servicer to identify, the name and account of the borrower; and **(ii)** included a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error and provided sufficient detail to the servicer regarding other information sought by the borrower. (A copy of said qualified written request is attached hereto as Exhibit "F.")

46.     BAC received Plaintiff's qualified written request on or about May 17, 2010.

47.     BAC failed to provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) and did not take the requested action within that period.

48.     BAC failed to, not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from the Plaintiff of her qualified written request and before taking any action with respect to the inquiry of the borrower, either: **(A)** make appropriate corrections in Plaintiff's account, including the crediting of any late charges or penalties, and transmit to the Plaintiff a written notification of such correction; **(B)** after conducting an investigation, provide Plaintiff with a written explanation or clarification that includes **(i)** to the extent applicable, a statement of the reasons for which BAC believes the account of the Plaintiff is correct as determined

9

by BAC; and **(ii)** the name and telephone number of an individual employed by, or the office or department of BAC, who can provide assistance to the borrower; or **(C)** after conducting an investigation, provide Plaintiff with a written explanation or clarification that includes **(i)** information requested by Plaintiff or an explanation of why the information requested is unavailable or cannot be obtained by BAC; and **(ii)** the name and telephone number of an individual employed by, or the office or department of, BAC who can provide assistance to the borrower.

49.     BAC did provide information regarding an alleged overdue payment, owed by the Plaintiff and relating to such period or qualified written request, to a consumer reporting agency during the 60-day period beginning on the date of BAC's receipt from the Plaintiff of a qualified written request relating to a dispute regarding Plaintiff's payments in violation of USC Title 12, Chapter 27, Section 2605(e)(3), Real Estate Settlement Procedures Act.

WHEREFORE, the Plaintiff demands compensatory damages, plus interest and costs and reasonable attorneys fees as defined by the Real Estate Settlement Procedures Act against Defendants, plus such other, further or different relief to which the Plaintiff may be entitled.

Respectfully submitted,

/s/ C. Andrew Harrell, Jr.
C. Andrew Harrell, Jr. (HAR241)
/s/ B. Andrew Monaghan
B. Andrew Monaghan (MON040)
Attorneys for Plaintiff

**JURY TRIAL DEMANDED ON ALL COUNTS**

/s/ C. Andrew Harrell, Jr.
C. Andrew Harrell, Jr.
/s/ B. Andrew Monaghan
B. Andrew Monaghan

10

Defendants may be served by certified mail at the following addresses:

Bank of America
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

BAC Home Loans Servicing, LP
7105 Corporate Drive
Plano, Texas 75024


ELECTRONICALLY FILED
8/30/2010 6:45 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

Prepared by: ERIC JOHNSON

# NOTE

MAY 09, 2007          GULF SHORES          ALABAMA
   [Date]                [City]              [State]

1144 W BEACH BLVD UNIT 6D, GULF SHORES, AL 36542-6200
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 149,000.00          (this  amount  is  called
"Principal"), plus interest, to the order of the Lender. The Lender is
Countrywide Home Loans, Inc. dba America's Wholesale Lender
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of   6.625 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the  FIRST          day of each month beginning on
JULY 01, 2007          . I will make these payments every month until I have paid all of the principal and interest and any
other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due
date and will be applied to interest before Principal. If, on  JUNE 01, 2037          , I still owe amounts under this Note, I
will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 954.06

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment
to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of
the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment
unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other
loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge
shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from
me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the
Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated
as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of  FIFTEEN          calendar
days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000 % of my
overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

Initials MB

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Page 1 of 2
-5N (0207).01      CHL (010/04)(d)      VMP Mortgage Solutions, Inc. (800)521-7291
Form 3200 1/01


* 2 3 9 9 1 *


* 1 6 7 0 9 7 2 3 8 0 0 0 0 0 2 0 0 5 N *

LOAN #: 167097238

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
MORGAN BRADY                    -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

*[Sign Original Only]*

Prepared by: ERIC JOHNSON

Countrywide Home Loans, Inc. dba America's
Wholesale Lender

DATE: 05/08/2007
BORROWER: MORGAN BRADY
CO-BORROWER:
CASE #:
LOAN #: 167097238
PROPERTY ADDRESS: 1144 W BEACH BLVD UNIT 6D
GULF SHORES, AL 36542-6200

Branch #: 0000790
2375 N GLENVILLE DR RGV-B-195
RICHARDSON, TX 75082
Phone: (800) 669-2565
Br Fax No.: (N)

## AMORTIZATION SCHEDULE

| PMT | PAYMENT | PRINCIPAL | INTEREST | BALANCE |
|---|---|---|---|---|
| Beginning Balance: $149,000.00 | | | | |
| Interest Rate : 6.625% | | | | |
| 1 | 954.06 | 131.46 | 822.60 | 148868.54 |
| 2 | 954.06 | 132.18 | 821.88 | 148736.36 |
| 3 | 954.06 | 132.91 | 821.15 | 148603.45 |
| 4 | 954.06 | 133.65 | 820.41 | 148469.80 |
| 5 | 954.06 | 134.38 | 819.68 | 148335.42 |
| 6 | 954.06 | 135.12 | 818.94 | 148200.30 |
| 7 | 954.06 | 135.87 | 818.19 | 148064.43 |
| 8 | 954.06 | 136.62 | 817.44 | 147927.81 |
| 9 | 954.06 | 137.38 | 816.68 | 147790.43 |
| 10 | 954.06 | 138.13 | 815.93 | 147652.30 |
| 11 | 954.06 | 138.90 | 815.16 | 147513.40 |
| 12 | 954.06 | 139.66 | 814.40 | 147373.74 |
| 13 | 954.06 | 140.43 | 813.63 | 147233.31 |
| 14 | 954.06 | 141.21 | 812.85 | 147092.10 |
| 15 | 954.06 | 141.99 | 812.07 | 146950.11 |
| 16 | 954.06 | 142.77 | 811.29 | 146807.34 |
| 17 | 954.06 | 143.56 | 810.50 | 146663.78 |
| 18 | 954.06 | 144.35 | 809.71 | 146519.43 |
| 19 | 954.06 | 145.15 | 808.91 | 146374.28 |
| 20 | 954.06 | 145.95 | 808.11 | 146228.33 |
| 21 | 954.06 | 146.76 | 807.30 | 146081.57 |
| 22 | 954.06 | 147.57 | 806.49 | 145934.00 |
| 23 | 954.06 | 148.38 | 805.68 | 145785.62 |
| 24 | 954.06 | 149.20 | 804.86 | 145636.42 |
| 25 | 954.06 | 150.03 | 804.03 | 145486.39 |
| 26 | 954.06 | 150.85 | 803.21 | 145335.54 |
| 27 | 954.06 | 151.69 | 802.37 | 145183.85 |
| 28 | 954.06 | 152.52 | 801.54 | 145031.33 |
| 29 | 954.06 | 153.37 | 800.69 | 144877.96 |
| 30 | 954.06 | 154.21 | 799.85 | 144723.75 |
| 31 | 954.06 | 155.06 | 799.00 | 144568.69 |
| 32 | 954.06 | 155.92 | 798.14 | 144412.77 |
| 33 | 954.06 | 156.78 | 797.28 | 144255.99 |
| 34 | 954.06 | 157.65 | 796.41 | 144098.34 |
| 35 | 954.06 | 158.52 | 795.54 | 143939.82 |
| 36 | 954.06 | 159.39 | 794.67 | 143780.43 |
| 37 | 954.06 | 160.27 | 793.79 | 143620.16 |
| 38 | 954.06 | 161.16 | 792.90 | 143459.00 |
| 39 | 954.06 | 162.05 | 792.01 | 143296.95 |
| 40 | 954.06 | 162.94 | 791.12 | 143134.01 |
| 41 | 954.06 | 163.84 | 790.22 | 142970.17 |
| 42 | 954.06 | 164.75 | 789.31 | 142805.42 |
| 43 | 954.06 | 165.66 | 788.40 | 142639.76 |
| 44 | 954.06 | 166.57 | 787.49 | 142473.19 |
| 45 | 954.06 | 167.49 | 786.57 | 142305.70 |
| 46 | 954.06 | 168.41 | 785.65 | 142137.29 |
| 47 | 954.06 | 169.34 | 784.72 | 141967.95 |
| 48 | 954.06 | 170.28 | 783.78 | 141797.67 |
| 49 | 954.06 | 171.22 | 782.84 | 141626.45 |
| 50 | 954.06 | 172.16 | 781.90 | 141454.29 |
| 51 | 954.06 | 173.11 | 780.95 | 141281.18 |
| 52 | 954.06 | 174.07 | 779.99 | 141107.11 |
| 53 | 954.06 | 175.03 | 779.03 | 140932.08 |
| 54 | 954.06 | 176.00 | 778.06 | 140756.08 |
| 55 | 954.06 | 176.97 | 777.09 | 140579.11 |
| 56 | 954.06 | 177.95 | 776.11 | 140401.16 |
| 57 | 954.06 | 178.93 | 775.13 | 140222.23 |
| 58 | 954.06 | 179.92 | 774.14 | 140042.31 |
| 59 | 954.06 | 180.91 | 773.15 | 139861.40 |
| 60 | 954.06 | 181.91 | 772.15 | 139679.49 |
| 61 | 954.06 | 182.91 | 771.15 | 139496.58 |
| 62 | 954.06 | 183.92 | 770.14 | 139312.66 |
| 63 | 954.06 | 184.94 | 769.12 | 139127.72 |
| 64 | 954.06 | 185.96 | 768.10 | 138941.76 |
| 65 | 954.06 | 186.99 | 767.07 | 138754.77 |
| 66 | 954.06 | 188.02 | 766.04 | 138566.75 |
| 67 | 954.06 | 189.06 | 765.00 | 138377.69 |
| 68 | 954.06 | 190.10 | 763.96 | 138187.59 |
| 69 | 954.06 | 191.15 | 762.91 | 137996.44 |
| 70 | 954.06 | 192.20 | 761.86 | 137804.24 |
| 71 | 954.06 | 193.27 | 760.79 | 137610.97 |
| 72 | 954.06 | 194.33 | 759.73 | 137416.64 |
| 73 | 954.06 | 195.41 | 758.65 | 137221.23 |
| 74 | 954.06 | 196.48 | 757.58 | 137024.75 |
| 75 | 954.06 | 197.57 | 756.49 | 136827.18 |
| 76 | 954.06 | 198.66 | 755.40 | 136628.52 |
| 77 | 954.06 | 199.76 | 754.30 | 136428.76 |
| 78 | 954.06 | 200.86 | 753.20 | 136227.90 |
| 79 | 954.06 | 201.97 | 752.09 | 136025.93 |
| 80 | 954.06 | 203.08 | 750.98 | 135822.85 |
| 81 | 954.06 | 204.20 | 749.86 | 135618.65 |
| 82 | 954.06 | 205.33 | 748.73 | 135413.32 |
| 83 | 954.06 | 206.47 | 747.59 | 135206.85 |
| 84 | 954.06 | 207.61 | 746.45 | 134999.24 |
| 85 | 954.06 | 208.75 | 745.31 | 134790.49 |
| 86 | 954.06 | 209.90 | 744.16 | 134580.59 |
| 87 | 954.06 | 211.06 | 743.00 | 134369.53 |
| 88 | 954.06 | 212.23 | 741.83 | 134157.30 |
| 89 | 954.06 | 213.40 | 740.66 | 133943.90 |
| 90 | 954.06 | 214.58 | 739.48 | 133729.32 |
| 91 | 954.06 | 215.76 | 738.30 | 133513.56 |
| 92 | 954.06 | 216.95 | 737.11 | 133296.61 |
| 93 | 954.06 | 218.15 | 735.91 | 133078.46 |
| 94 | 954.06 | 219.36 | 734.70 | 132859.10 |
| 95 | 954.06 | 220.57 | 733.49 | 132638.53 |
| 96 | 954.06 | 221.78 | 732.28 | 132416.75 |
| 97 | 954.06 | 223.01 | 731.05 | 132193.74 |
| 98 | 954.06 | 224.24 | 729.82 | 131969.50 |
| 99 | 954.06 | 225.48 | 728.58 | 131744.02 |
| 100 | 954.06 | 226.72 | 727.34 | 131517.30 |
| 101 | 954.06 | 227.97 | 726.09 | 131289.33 |
| 102 | 954.06 | 229.23 | 724.83 | 131060.10 |
| 103 | 954.06 | 230.50 | 723.56 | 130829.60 |
| 104 | 954.06 | 231.77 | 722.29 | 130597.83 |
| 105 | 954.06 | 233.05 | 721.01 | 130364.78 |
| 106 | 954.06 | 234.34 | 719.72 | 130130.44 |
| 107 | 954.06 | 235.63 | 718.43 | 129894.81 |
| 108 | 954.06 | 236.93 | 717.13 | 129657.88 |
| 109 | 954.06 | 238.24 | 715.82 | 129419.64 |
| 110 | 954.06 | 239.56 | 714.50 | 129180.08 |
| 111 | 954.06 | 240.88 | 713.18 | 128939.20 |
| 112 | 954.06 | 242.21 | 711.85 | 128696.99 |
| 113 | 954.06 | 243.55 | 710.51 | 128453.44 |
| 114 | 954.06 | 244.89 | 709.17 | 128208.55 |
| 115 | 954.06 | 246.24 | 707.82 | 127962.31 |
| 116 | 954.06 | 247.60 | 706.46 | 127714.71 |
| 117 | 954.06 | 248.97 | 705.09 | 127465.74 |
| 118 | 954.06 | 250.34 | 703.72 | 127215.40 |
| 119 | 954.06 | 251.72 | 702.34 | 126963.68 |
| 120 | 954.06 | 253.11 | 700.95 | 126710.57 |
| 121 | 954.06 | 254.51 | 699.55 | 126456.06 |
| 122 | 954.06 | 255.92 | 698.14 | 126200.14 |
| 123 | 954.06 | 257.33 | 696.73 | 125942.81 |
| 124 | 954.06 | 258.75 | 695.31 | 125684.06 |
| 125 | 954.06 | 260.18 | 693.88 | 125423.88 |
| 126 | 954.06 | 261.62 | 692.44 | 125162.26 |
| 127 | 954.06 | 263.06 | 691.00 | 124899.20 |
| 128 | 954.06 | 264.51 | 689.55 | 124634.69 |
| 129 | 954.06 | 265.97 | 688.09 | 124368.72 |
| 130 | 954.06 | 267.44 | 686.62 | 124101.28 |
| 131 | 954.06 | 268.92 | 685.14 | 123832.36 |
| 132 | 954.06 | 270.40 | 683.66 | 123561.96 |
| 133 | 954.06 | 271.90 | 682.16 | 123290.06 |
| 134 | 954.06 | 273.40 | 680.66 | 123016.66 |
| 135 | 954.06 | 274.91 | 679.15 | 122741.75 |
| 136 | 954.06 | 276.42 | 677.64 | 122465.33 |
| 137 | 954.06 | 277.95 | 676.11 | 122187.38 |
| 138 | 954.06 | 279.48 | 674.58 | 121907.90 |
| 139 | 954.06 | 281.03 | 673.03 | 121626.87 |
| 140 | 954.06 | 282.58 | 671.48 | 121344.29 |
| 141 | 954.06 | 284.14 | 669.92 | 121060.15 |
| 142 | 954.06 | 285.71 | 668.35 | 120774.44 |
| 143 | 954.06 | 287.28 | 666.78 | 120487.16 |
| 144 | 954.06 | 288.87 | 665.19 | 120198.29 |
| 145 | 954.06 | 290.47 | 663.59 | 119907.82 |
| 146 | 954.06 | 292.07 | 661.99 | 119615.75 |
| 147 | 954.06 | 293.68 | 660.38 | 119322.07 |
| 148 | 954.06 | 295.30 | 658.76 | 119026.77 |
| 149 | 954.06 | 296.93 | 657.13 | 118729.84 |
| 150 | 954.06 | 298.57 | 655.49 | 118431.27 |
| 151 | 954.06 | 300.22 | 653.84 | 118131.05 |
| 152 | 954.06 | 301.88 | 652.18 | 117829.17 |
| 153 | 954.06 | 303.54 | 650.52 | 117525.63 |
| 154 | 954.06 | 305.22 | 648.84 | 117220.41 |
| 155 | 954.06 | 306.91 | 647.15 | 116913.50 |
| 156 | 954.06 | 308.60 | 645.46 | 116604.90 |
| 157 | 954.06 | 310.30 | 643.76 | 116294.60 |
| 158 | 954.06 | 312.02 | 642.04 | 115982.58 |
| 159 | 954.06 | 313.74 | 640.32 | 115668.84 |
| 160 | 954.06 | 315.47 | 638.59 | 115353.37 |
| 161 | 954.06 | 317.21 | 636.85 | 115036.16 |
| 162 | 954.06 | 318.96 | 635.10 | 114717.20 |
| 163 | 954.06 | 320.73 | 633.33 | 114396.47 |
| 164 | 954.06 | 322.50 | 631.56 | 114073.97 |
| 165 | 954.06 | 324.28 | 629.78 | 113749.69 |
| 166 | 954.06 | 326.07 | 627.99 | 113423.62 |
| 167 | 954.06 | 327.87 | 626.19 | 113095.75 |
| 168 | 954.06 | 329.68 | 624.38 | 112766.07 |
| 169 | 954.06 | 331.50 | 622.56 | 112434.57 |
| 170 | 954.06 | 333.33 | 620.73 | 112101.24 |
| 171 | 954.06 | 335.17 | 618.89 | 111766.07 |
| 172 | 954.06 | 337.02 | 617.04 | 111429.05 |
| 173 | 954.06 | 338.88 | 615.18 | 111090.17 |
| 174 | 954.06 | 340.75 | 613.31 | 110749.42 |
| 175 | 954.06 | 342.63 | 611.43 | 110406.79 |
| 176 | 954.06 | 344.52 | 609.54 | 110062.27 |
| 177 | 954.06 | 346.42 | 607.64 | 109715.85 |
| 178 | 954.06 | 348.34 | 605.72 | 109367.51 |
| 179 | 954.06 | 350.26 | 603.80 | 109017.25 |
| 180 | 954.06 | 352.19 | 601.87 | 108665.06 |
| 181 | 954.06 | 354.14 | 599.92 | 108310.92 |
| 182 | 954.06 | 356.09 | 597.97 | 107954.83 |
| 183 | 954.06 | 358.06 | 596.00 | 107596.77 |
| 184 | 954.06 | 360.04 | 594.02 | 107236.73 |
| 185 | 954.06 | 362.02 | 592.04 | 106874.71 |
| 186 | 954.06 | 364.02 | 590.04 | 106510.69 |
| 187 | 954.06 | 366.03 | 588.03 | 106144.66 |
| 188 | 954.06 | 368.05 | 586.01 | 105776.61 |
| 189 | 954.06 | 370.08 | 583.98 | 105406.53 |
| 190 | 954.06 | 372.13 | 581.93 | 105034.40 |
| 191 | 954.06 | 374.18 | 579.88 | 104660.22 |
| 192 | 954.06 | 376.25 | 577.81 | 104283.97 |
| 193 | 954.06 | 378.33 | 575.73 | 103905.64 |
| 194 | 954.06 | 380.41 | 573.65 | 103525.23 |
| 195 | 954.06 | 382.51 | 571.55 | 103142.72 |
| 196 | 954.06 | 384.63 | 569.43 | 102758.09 |
| 197 | 954.06 | 386.75 | 567.31 | 102371.34 |
| 198 | 954.06 | 388.88 | 565.18 | 101982.46 |
| 199 | 954.06 | 391.03 | 563.03 | 101591.43 |
| 200 | 954.06 | 393.19 | 560.87 | 101198.24 |
| 201 | 954.06 | 395.36 | 558.70 | 100802.88 |
| 202 | 954.06 | 397.54 | 556.52 | 100405.34 |
| 203 | 954.06 | 399.74 | 554.32 | 100005.60 |
| 204 | 954.06 | 401.95 | 552.11 | 99603.65 |
| 205 | 954.06 | 404.16 | 549.90 | 99199.49 |
| 206 | 954.06 | 406.40 | 547.66 | 98793.09 |
| 207 | 954.06 | 408.64 | 545.42 | 98384.45 |
| 208 | 954.06 | 410.90 | 543.16 | 97973.55 |
| 209 | 954.06 | 413.16 | 540.90 | 97560.39 |
| 210 | 954.06 | 415.45 | 538.61 | 97144.94 |
| 211 | 954.06 | 417.74 | 536.32 | 96727.20 |
| 212 | 954.06 | 420.05 | 534.01 | 96307.15 |
| 213 | 954.06 | 422.36 | 531.70 | 95884.79 |
| 214 | 954.06 | 424.70 | 529.36 | 95460.09 |
| 215 | 954.06 | 427.04 | 527.02 | 95033.05 |
| 216 | 954.06 | 429.40 | 524.66 | 94603.65 |
| 217 | 954.06 | 431.77 | 522.29 | 94171.88 |
| 218 | 954.06 | 434.15 | 519.91 | 93737.73 |
| 219 | 954.06 | 436.55 | 517.51 | 93301.18 |
| 220 | 954.06 | 438.96 | 515.10 | 92862.22 |

Prepared by: ERIC JOHNSON

Countrywide Home Loans, Inc. dba America's
Wholesale Lender

DATE: 05/08/2007
BORROWER: MORGAN BRADY
CO-BORROWER:
CASE #:
LOAN #: 167097238
PROPERTY ADDRESS: 1144 W BEACH BLVD UNIT 6D
GULF SHORES, AL 36542-6200

Branch #: 0000790
2375 N GLENVILLE DR RGV-B-195
RICHARDSON, TX 75082
Phone: (800) 669-2565
Br Fax No.: (N)

## AMORTIZATION SCHEDULE

| PMT | PAYMENT | PRINCIPAL | INTEREST | BALANCE |
|-----|---------|-----------|----------|---------|
| 221 | 954.06 | 441.38 | 512.68 | 92420.84 |
| 222 | 954.06 | 443.82 | 510.24 | 91977.02 |
| 223 | 954.06 | 446.27 | 507.79 | 91530.75 |
| 224 | 954.06 | 448.73 | 505.33 | 91082.02 |
| 225 | 954.06 | 451.21 | 502.85 | 90630.81 |
| 226 | 954.06 | 453.70 | 500.36 | 90177.11 |
| 227 | 954.06 | 456.21 | 497.85 | 89720.90 |
| 228 | 954.06 | 458.73 | 495.33 | 89262.17 |
| 229 | 954.06 | 461.26 | 492.80 | 88800.91 |
| 230 | 954.06 | 463.80 | 490.26 | 88337.11 |
| 231 | 954.06 | 466.37 | 487.69 | 87870.74 |
| 232 | 954.06 | 468.94 | 485.12 | 87401.80 |
| 233 | 954.06 | 471.53 | 482.53 | 86930.27 |
| 234 | 954.06 | 474.13 | 479.93 | 86456.14 |
| 235 | 954.06 | 476.75 | 477.31 | 85979.39 |
| 236 | 954.06 | 479.38 | 474.68 | 85500.01 |
| 237 | 954.06 | 482.03 | 472.03 | 85017.98 |
| 238 | 954.06 | 484.69 | 469.37 | 84533.29 |
| 239 | 954.06 | 487.37 | 466.69 | 84045.92 |
| 240 | 954.06 | 490.06 | 464.00 | 83555.86 |
| 241 | 954.06 | 492.76 | 461.30 | 83063.10 |
| 242 | 954.06 | 495.48 | 458.58 | 82567.62 |
| 243 | 954.06 | 498.22 | 455.84 | 82069.40 |
| 244 | 954.06 | 500.97 | 453.09 | 81568.43 |
| 245 | 954.06 | 503.73 | 450.33 | 81064.70 |
| 246 | 954.06 | 506.52 | 447.54 | 80558.18 |
| 247 | 954.06 | 509.31 | 444.75 | 80048.87 |
| 248 | 954.06 | 512.12 | 441.94 | 79536.75 |
| 249 | 954.06 | 514.95 | 439.11 | 79021.80 |
| 250 | 954.06 | 517.79 | 436.27 | 78504.01 |
| 251 | 954.06 | 520.65 | 433.41 | 77983.36 |
| 252 | 954.06 | 523.53 | 430.53 | 77459.83 |
| 253 | 954.06 | 526.42 | 427.64 | 76933.41 |
| 254 | 954.06 | 529.32 | 424.74 | 76404.09 |
| 255 | 954.06 | 532.25 | 421.81 | 75871.84 |
| 256 | 954.06 | 535.18 | 418.88 | 75336.66 |
| 257 | 954.06 | 538.14 | 415.92 | 74798.52 |
| 258 | 954.06 | 541.11 | 412.95 | 74257.41 |
| 259 | 954.06 | 544.10 | 409.96 | 73713.31 |
| 260 | 954.06 | 547.10 | 406.96 | 73166.21 |
| 261 | 954.06 | 550.12 | 403.94 | 72616.09 |
| 262 | 954.06 | 553.16 | 400.90 | 72062.93 |
| 263 | 954.06 | 556.21 | 397.85 | 71506.72 |
| 264 | 954.06 | 559.28 | 394.78 | 70947.44 |
| 265 | 954.06 | 562.37 | 391.69 | 70385.07 |
| 266 | 954.06 | 565.48 | 388.58 | 69819.59 |
| 267 | 954.06 | 568.60 | 385.46 | 69250.99 |
| 268 | 954.06 | 571.74 | 382.32 | 68679.25 |
| 269 | 954.06 | 574.89 | 379.17 | 68104.36 |
| 270 | 954.06 | 578.07 | 375.99 | 67526.29 |
| 271 | 954.06 | 581.26 | 372.80 | 66945.03 |
| 272 | 954.06 | 584.47 | 369.59 | 66360.56 |
| 273 | 954.06 | 587.69 | 366.37 | 65772.87 |
| 274 | 954.06 | 590.94 | 363.12 | 65181.93 |
| 275 | 954.06 | 594.20 | 359.86 | 64587.73 |
| 276 | 954.06 | 597.48 | 356.58 | 63990.25 |
| 277 | 954.06 | 600.78 | 353.28 | 63389.47 |
| 278 | 954.06 | 604.10 | 349.96 | 62785.37 |
| 279 | 954.06 | 607.43 | 346.63 | 62177.94 |
| 280 | 954.06 | 610.79 | 343.27 | 61567.15 |
| 281 | 954.06 | 614.16 | 339.90 | 60952.99 |
| 282 | 954.06 | 617.55 | 336.51 | 60335.44 |
| 283 | 954.06 | 620.96 | 333.10 | 59714.48 |
| 284 | 954.06 | 624.39 | 329.67 | 59090.09 |
| 285 | 954.06 | 627.83 | 326.23 | 58462.26 |
| 286 | 954.06 | 631.30 | 322.76 | 57830.96 |
| 287 | 954.06 | 634.78 | 319.28 | 57196.18 |
| 288 | 954.06 | 638.29 | 315.77 | 56557.89 |
| 289 | 954.06 | 641.81 | 312.25 | 55916.08 |
| 290 | 954.06 | 645.36 | 308.70 | 55270.72 |
| 291 | 954.06 | 648.92 | 305.14 | 54621.80 |
| 292 | 954.06 | 652.50 | 301.56 | 53969.30 |
| 293 | 954.06 | 656.10 | 297.96 | 53313.20 |
| 294 | 954.06 | 659.73 | 294.33 | 52653.47 |

| PMT | PAYMENT | PRINCIPAL | INTEREST | BALANCE |
|-----|---------|-----------|----------|---------|
| 295 | 954.06 | 663.37 | 290.69 | 51990.10 |
| 296 | 954.06 | 667.03 | 287.03 | 51323.07 |
| 297 | 954.06 | 670.71 | 283.35 | 50652.36 |
| 298 | 954.06 | 674.42 | 279.64 | 49977.94 |
| 299 | 954.06 | 678.14 | 275.92 | 49299.80 |
| 300 | 954.06 | 681.88 | 272.18 | 48617.92 |
| 301 | 954.06 | 685.65 | 268.41 | 47932.27 |
| 302 | 954.06 | 689.43 | 264.63 | 47242.84 |
| 303 | 954.06 | 693.24 | 260.82 | 46549.60 |
| 304 | 954.06 | 697.07 | 256.99 | 45852.53 |
| 305 | 954.06 | 700.92 | 253.14 | 45151.61 |
| 306 | 954.06 | 704.79 | 249.27 | 44446.82 |
| 307 | 954.06 | 708.68 | 245.38 | 43738.14 |
| 308 | 954.06 | 712.59 | 241.47 | 43025.55 |
| 309 | 954.06 | 716.52 | 237.54 | 42309.03 |
| 310 | 954.06 | 720.48 | 233.58 | 41588.55 |
| 311 | 954.06 | 724.46 | 229.60 | 40864.09 |
| 312 | 954.06 | 728.46 | 225.60 | 40135.63 |
| 313 | 954.06 | 732.48 | 221.58 | 39403.15 |
| 314 | 954.06 | 736.52 | 217.54 | 38666.63 |
| 315 | 954.06 | 740.59 | 213.47 | 37926.04 |
| 316 | 954.06 | 744.68 | 209.38 | 37181.36 |
| 317 | 954.06 | 748.79 | 205.27 | 36432.57 |
| 318 | 954.06 | 752.92 | 201.14 | 35679.65 |
| 319 | 954.06 | 757.08 | 196.98 | 34922.57 |
| 320 | 954.06 | 761.26 | 192.80 | 34161.31 |
| 321 | 954.06 | 765.46 | 188.60 | 33395.85 |
| 322 | 954.06 | 769.69 | 184.37 | 32626.16 |
| 323 | 954.06 | 773.94 | 180.12 | 31852.22 |
| 324 | 954.06 | 778.21 | 175.85 | 31074.01 |
| 325 | 954.06 | 782.51 | 171.55 | 30291.50 |
| 326 | 954.06 | 786.83 | 167.23 | 29504.67 |
| 327 | 954.06 | 791.17 | 162.89 | 28713.50 |
| 328 | 954.06 | 795.54 | 158.52 | 27917.96 |
| 329 | 954.06 | 799.93 | 154.13 | 27118.03 |
| 330 | 954.06 | 804.35 | 149.71 | 26313.68 |
| 331 | 954.06 | 808.79 | 145.27 | 25504.89 |
| 332 | 954.06 | 813.25 | 140.81 | 24691.64 |
| 333 | 954.06 | 817.74 | 136.32 | 23873.90 |
| 334 | 954.06 | 822.26 | 131.80 | 23051.64 |
| 335 | 954.06 | 826.80 | 127.26 | 22224.84 |
| 336 | 954.06 | 831.36 | 122.70 | 21393.48 |
| 337 | 954.06 | 835.95 | 118.11 | 20557.53 |
| 338 | 954.06 | 840.57 | 113.49 | 19716.96 |
| 339 | 954.06 | 845.21 | 108.85 | 18871.75 |
| 340 | 954.06 | 849.87 | 104.19 | 18021.88 |
| 341 | 954.06 | 854.56 | 99.50 | 17167.32 |
| 342 | 954.06 | 859.28 | 94.78 | 16308.04 |
| 343 | 954.06 | 864.03 | 90.03 | 15444.01 |
| 344 | 954.06 | 868.80 | 85.26 | 14575.21 |
| 345 | 954.06 | 873.59 | 80.47 | 13701.62 |
| 346 | 954.06 | 878.42 | 75.64 | 12823.20 |
| 347 | 954.06 | 883.27 | 70.79 | 11939.93 |
| 348 | 954.06 | 888.14 | 65.92 | 11051.79 |
| 349 | 954.06 | 893.04 | 61.02 | 10158.75 |
| 350 | 954.06 | 897.98 | 56.08 | 9260.77 |
| 351 | 954.06 | 902.93 | 51.13 | 8357.84 |
| 352 | 954.06 | 907.92 | 46.14 | 7449.92 |
| 353 | 954.06 | 912.93 | 41.13 | 6536.99 |
| 354 | 954.06 | 917.97 | 36.09 | 5619.02 |
| 355 | 954.06 | 923.04 | 31.02 | 4695.98 |
| 356 | 954.06 | 928.13 | 25.93 | 3767.85 |
| 357 | 954.06 | 933.26 | 20.80 | 2834.59 |
| 358 | 954.06 | 938.41 | 15.65 | 1896.18 |
| 359 | 954.06 | 943.59 | 10.47 | 952.59 |
| 360 | 957.85 | 952.59 | 5.26 | 0.00 |

### YR PAYMENT PRINCIPAL INTEREST BALANCE

ANNUAL SUMMARY

| YR | PAYMENT | INTEREST | BALANCE |
|----|---------|----------|---------|
| Beginning Balance: $149,000.00 | | | |
| 1 | 11448.72 | 9822.46 | 147373.74 |
| 2 | 11448.72 | 9711.40 | 145636.42 |
| 3 | 11448.72 | 9592.73 | 143780.43 |
| 4 | 11448.72 | 9465.96 | 141797.67 |
| 5 | 11448.72 | 9330.54 | 139679.49 |
| 6 | 11448.72 | 9185.87 | 137416.64 |
| 7 | 11448.72 | 9031.32 | 134999.24 |
| 8 | 11448.72 | 8866.23 | 132416.75 |
| 9 | 11448.72 | 8689.85 | 129657.88 |
| 10 | 11448.72 | 8501.41 | 126710.57 |
| 11 | 11448.72 | 8300.11 | 123561.96 |
| 12 | 11448.72 | 8085.05 | 120198.29 |
| 13 | 11448.72 | 7855.33 | 116604.90 |
| 14 | 11448.72 | 7609.89 | 112766.07 |
| 15 | 11448.72 | 7347.71 | 108665.06 |
| 16 | 11448.72 | 7067.63 | 104283.97 |
| 17 | 11448.72 | 6768.40 | 99603.65 |
| 18 | 11448.72 | 6448.72 | 94603.65 |
| 19 | 11448.72 | 6107.24 | 89262.17 |
| 20 | 11448.72 | 5742.41 | 83555.86 |
| 21 | 11448.72 | 5352.69 | 77459.83 |
| 22 | 11448.72 | 4936.33 | 70947.44 |
| 23 | 11448.72 | 4491.53 | 63990.25 |
| 24 | 11448.72 | 4016.36 | 56557.89 |
| 25 | 11448.72 | 3508.75 | 48617.92 |
| 26 | 11448.72 | 2966.43 | 40135.63 |
| 27 | 11448.72 | 2387.10 | 31074.01 |
| 28 | 11448.72 | 1768.19 | 21393.48 |
| 29 | 11448.72 | 1107.03 | 11051.79 |
| 30 | 11452.51 | 400.72 | 0.00 |
| | ---------- | ---------- | |
| | 343465.39 | 194465.39 | |

FHA/VA/CONV
Amortization Schedule
2C181-US (11/01)(d)

ELECTRONICALLY FILED
8/5/2010 6:45 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

(345C-65
# 071236

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING

P.O.Box 10423
Van Nuys, CA 91410-0423

State of Alabama, Baldwin County
I certify this instrument was filed
and taxes collected on:

2007 May -14 9:33AM

Instrument Number 1049611 Pages 15
Recording 45.00 Mortgage 223.50
Deed                      Min Tax
Index                     1.00 10
Archive                   5.00
Adrian T. Johns, Judge of Pro

─────[Space Above This Line For Recording Data]─────

071236                     00016709723805007
[Escrow/Closing #]              [Doc ID #]

# MORTGAGE

MIN 1000157-0008045943-7

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated MAY 09, 2007 , together with all Riders to this document.
(B) "Borrower" is
MORGAN BRADY, A SINGLE WOMAN

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is
Countrywide Home Loans, Inc. dba America's Wholesale Lender
Lender is a CORPORATION
organized and existing under the laws of NEW YORK
Lender's address is
4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613
(E) "Note" means the promissory note signed by Borrower and dated MAY 09, 2007 . The Note states that Borrower owes Lender
ONE HUNDRED FORTY NINE THOUSAND and 00/100

Dollars (U.S. $ 149,000.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JUNE 01, 2037 .
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

ALABAMA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 1 of 11

-6A(AL) (0005).01    CHL (08/05)(d)    VMP Mortgage Solutions, Inc. (800)521-7291          Form 3001 1/01
CONV/VA





DOC ID #: 0001670972380S007

(G) "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☒ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(I) "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "**Escrow Items**" means those items that are described in Section 3.

(M) "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably mortgages, grants and conveys to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the

COUNTY       of       BALDWIN     :
[Type of Recording Jurisdiction]               [Name of Recording Jurisdiction]

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number:                  which currently has the address of

1144 W BEACH BLVD UNIT 6D, GULF SHORES     ,
[Street/City]

Alabama 36542-6200 ("Property Address"):
[Zip Code]

DOC ID #: 00016709723805007

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any

DOC ID #: 00016709723805007

or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect

DOC ID #: 00016709723805007

Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

-6A(AL) (0005).01     CHL (08/05)          Page 5 of 11                    Form 3001  1/01

DOC ID #: 00016709723805007

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

DOC ID #: 0001670972380S007

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

DOC ID #: 00016709723805007

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower:

DOC ID #: 00016709723805007

(a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

DOC ID #: 0001670972380S007

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in Section 15. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in  BALDWIN                County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Waivers. Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_Morgan Brady_ _____ (Seal)
MORGAN BRADY                                   -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

DOC ID #: 00016709723805007

**STATE OF ALABAMA,**                                              County ss:

On this 9th day of May, 2007 , I,
Debbie E. Ball a Notary Public in and for said county and in said state,
hereby certify that Morgan Brady, a Single Woman

_____

_____

_____

_____

_____, whose name(s) is/are
signed to the foregoing conveyance, and who is/are known to me, acknowledged before me that, being
informed of the contents of the conveyance, he/she/they executed the same voluntarily and as his/her/their act
on the day the same bears date.
     Given under my hand and seal of office this 9th day of May 2007 .

My Commission Expires:     9/10/10

                                             Debbie E. Ball
                              Notary Public

┌─────────────────────────────────┐
│         **DEBBIE E. BALL**        │
│      Notary Public - Notary Seal  │
│          State of Missouri        │
│     Commissioned for Cass County  │
│  My Commission Expires: Sept. 10, 2010 │
│              06936667             │
└─────────────────────────────────┘

Prepared By:
ERIC JOHNSON
Countrywide Home Loans, Inc. dba America's Wholesale Lender
2375 N GLENVILLE DR RGV-B-195, RICHARDSON, TX 75082

-6A(AL) (0005).01    CHL (08/05)          Page 11 of 11                    Form 3001 1/01

Prepared by: ERIC JOHNSON

**Countrywide Home Loans, Inc. dba America's
Wholesale Lender**

DATE:        05/09/2007
CASE #:
DOC ID #:    00016709723805007
BORROWER: MORGAN BRADY
PROPERTY ADDRESS: 1144 W BEACH BLVD UNIT 6D
              GULF SHORES, AL 36542-6200

Branch #: 0000790
2375 N GLENVILLE DR RGV-B-195
RICHARDSON, TX 75082
Phone: (800) 669-2565
Br Fax No.: (N)

### LEGAL DESCRIPTION EXHIBIT A

Unit 6D, The Village Condominium, according to condominium
documents of record, as follows all recording references
being to the official records on file in the Office of the
Judge of Probate, Baldwin County, Alabama: Declaration of
Condominium and By-Laws of Village Condominium, dated June 21,
1989 and recorded June 27, 1989 in Miscellaneous Book 64, Pages
1850, et seq. (By-Laws); as amended by instrument recorded
June 27, 1989 in Miscellaneous Book 64, Page 1889, as such
condominium is further defined by the Engineer's Certification
Drawings of Village Condominium filed June 21, 1989 in Apartment
Book 13, Pages 183-187 defining Village Condominium as existing
on that date, generally, and defining the above named unit thereof,
specifically; TOGETHER WITH the undivided interest in the common
elements declared to be an appurtenance thereto in said Declaration
as amended; SUBJECT TO the Articles of Incorporation of Village
Condominium Owner's Association, Inc., dated June 21, 1989 and
recorded June 27, 1989 in Miscellaneous Book 64, Pages 1835, et seq.,
and all rules and regulations promulgated either pursuant thereto
or pursuant to the Declaration of Condominium or By-Laws of
Village Condominium.

MB

FHA/VA/CONV
Legal Description Exhibit A
2C404-XX (04/03)(d)



* 2 3 9 9 1 *

* 1 6 7 0 9 7 2 3 8 0 0 0 0 0 2 0 0 8 A *

DOC ID #: 00016709723805007

# CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this NINTH                day of
MAY, 2007                , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned (the "Borrower") to secure Borrower's Note to
Countrywide Home Loans, Inc. dba America's Wholesale Lender

(the "Lender") of the same date and covering the Property described in the Security Instrument and
located at:

    1144 W BEACH BLVD UNIT 6D, GULF SHORES, AL 36542-6200

[Property Address]
The Property includes a unit in, together with an undivided interest in the common elements of, a
condominium project known as:

    VILLAGE CONDOMINIUMS

[Name of Condominium Project]
(the "Condominium Project"). If the owners association or other entity which acts for the Condominium
Project (the "Owners Association") holds title to property for the benefit or use of its members or
shareholders, the Property also includes Borrower's interest in the Owners Association and the uses,
proceeds and benefits of Borrower's interest.

    **CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:
    **A. Condominium Obligations.** Borrower shall perform all of Borrower's obligations under the
Condominium Project's Constituent Documents. The "Constituent Documents" are the: (i) Declaration
or any other document which creates the Condominium Project; (ii) by-laws; (iii) code of regulations;
and (iv) other equivalent documents. Borrower shall promptly pay, when due, all dues and
assessments imposed pursuant to the Constituent Documents.

**MULTISTATE CONDOMINIUM RIDER**-Single Family-Fannie Mae/Freddie Mac UNIFORM
**INSTRUMENT**

-8R (0512)    CHL (12/05)(d)    Page 1 of 3

VMP Mortgage Solutions, Inc.    Form 3140  1/01





DOC ID #: 00016709723805007

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy on the Condominium Project which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, from which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

DOC ID #: 00016709723805007

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Condominium Rider.

_Morgan Brady_ _____ (Seal)
MORGAN BRADY                                         - Borrower

_____ (Seal)
                                  - Borrower

_____ (Seal)
                                  - Borrower

_____ (Seal)
                                  - Borrower

-8R (0512)     CHL (12/05)        · Page 3 of 3              Form 3140 1/01

Return To:
.yshore Title Co., Inc.
F.O. Box 459.
., Shores AL ;.

ELECTRONICALLY FILED
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK



**Countrywide**
**HOME LOANS**

Attn: Home Retention Division
Countrywide Modification
100 Beecham Drive
Pittsburgh, PA 15205

**Notice Date:** February 11, 2009

**Account No.: 167097238**

MORGAN BRADY
208 N Murphy Dr
Raymore, MO 64083

**Property Address:**
1144 W BEACH BLVD UNIT 6D, GULF
SHORES, AL 36542

---

| IMPORTANT MESSAGE ABOUT YOUR LOAN |
| --- |

We are pleased to advise you that your loan modification has been approved. In order for the modification to be
valid, the enclosed documents need to be signed and returned.

The following amounts will be added to your current principal balance, resulting in a modified principal balance of
$149,927.81 prior to your first payment date. The amount added to your loan is:

| | |
| --- | --- |
| Interest : | $3,234.03 |
| Fees: | $30.00 |
| Escrow: | $0.00 |
| Total: | $3,264.03 |

Your new modified monthly payment will be $1,133.36, effective with your April 1, 2009 payment. This payment is
subject to change if your escrow account is reanalyzed or if you have a step rate, interest only or adjustable rate loan
type. Your current interest rate is 6.625%. Your new interest rate will be 5.625%. We are fixing this rate for a period
of 340 months. This Agreement will bring your loan current; however, you are still required to pay back the entire
unpaid principal by the maturity date for your loan.

Your new reduced interest rate will be effective as of March 1, 2009 and it will remain in effect until July 1, 2037.

A breakdown of your payment is as follows:

| | |
| --- | --- |
| P&I Payment: | $882.81 |
| Escrow: | $250.55 |
| Total Payment: | $1,133.36 |



February 11, 2009
The HOPE Team
CHL Loan #: 167097238

Page 1 of 4

WDGARMNR 8124 03/26/2008

**WHAT YOU SHOULD DO**

Please sign, date and return one (1) complete set of enclosed documents to us in the re-usable Fed-Ex envelope. Please use the return label provided and mail no later than March 11, 2009 to the following address:



**HOME LOANS**

Countrywide Modification, 100 Beecham Drive, Pittsburgh, PA 15205

**If you have questions, Loan consultants are standing by from 8:00 AM until 9:00 PM CT Monday through Friday, and 8:00 AM until 3:00 PM CT on Saturday except holidays at 877-665-6866.**

This offer is contingent upon Countrywide receiving relief from the Automatic Stay for any bankruptcy in which the property referred to in the Loan Modification Agreement is included at the time of the modification.

If any issues arise between the date of this commitment and the date on which all of the terms and conditions of this letter are finalized, including, but not limited to, deterioration in the condition of the property, lawsuits, liens, additional expenses and defaulted amount, then we may terminate this offer and pursue all collection action, including foreclosure.

This Letter does not stop, waive or postpone the collection actions, or credit reporting actions we have taken or contemplate taking against you and the property. In the event that you do not or cannot fulfill ALL of the terms and conditions of this letter no later than **March 11, 2009**, we will continue our collections actions without giving you additional notices or response periods.

The following documents have been enclosed:
**Modification Agreement**-Must be signed in the presence of a Notary. The notary acknowledgment must be in recordable form. All parties who own an interest in the property must sign the modification agreement as their name appears.

The following documents may have been included if applicable to your loan:

**California All Purpose Acknowledgment** – This document will only be used if the loan modification agreement is being executed in the state of California. It will be utilized by a notary of the state of California in place of the notary section contained in the Loan Modification Agreement.

**Bankruptcy Disclosure** – All parties who own an interest in the property must sign the Bankruptcy Disclosure as their name appears.

**THANK YOU FOR YOUR BUSINESS**

**The HOPE Team**

Countrywide is required by law to inform you that this communication is from a debt collector.



February 11, 2009
The HOPE Team
CHL Loan #: 167097238                     Page 2 of 4                     WDGARMNR  8124  03/26/2008

RECORDING REQUESTED BY:
Countrywide Home Loans Servicing LP
Attn. WORKOUT DEPARTMENT, LAN-70
177 COUNTRYWIDE WAY
LANCASTER, CA 93536'

Loan #: 167097238

## LOAN MODIFICATION AGREEMENT

(Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 11th day of February, 2009, between MORGAN BRADY, and Countrywide Home Loans Servicing LP (Lender), amends and supplements (1) the Mortgage, Deed of Trust or Deed to Secure Debt (the Security Instrument), dated the 9th day of May, 2007 and in the amount of $149,000.00 and (2) the Note secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as in the 'Property', located at 1144 W BEACH BLVD UNIT 6D, GULF SHORES, AL 36542.

The real property described being set forth as follows:

**SAME AS IN SAID SECURITY INSTRUMENT**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (not withstanding anything to the contrary contained in the Note or Security Instrument):

1. As of the 1st day of March, 2009, the amount payable under the Note or Security Instrument (the "Unpaid Principal Balance") is U.S. $149,927.61 consisting of the amount(s) loaned to the borrower by Lender and any interest capitalized to date.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender.  Interest will be charged on the Unpaid Principal Balance at the yearly rate of 5.625% from the 1st day of March, 2009.  The Borrower promises to make monthly payment of principal and interest of U.S. $882.61 beginning on the 1st day of April, 2009, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on the 1st day of July, 2037 ( the "Maturity Date" ), the Borrower still owes amounts under the Note and Security Instrument, as amended by this agreement, the Borrower will pay these amounts in full on the Maturity Date.

3. The Borrower will make such payment at 450 American Street, Simi Valley, California  93065 or at such other place as the Lender may require.

4. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior consent, the Lender may, at it's option, require immediate payment in full of all sums secured by the Security Instrument.

5. The Borrower also will comply with all other covenants, agreements, and requirement of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, if your original Note or Security Instrument was an Adjustable Rate, the following terms and provision are cancelled, null, and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the original Note and Security Instrument (if any) proving for, implementing, or relating to, any adjustment, in the rate of interest payable under the Note; and

    (b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the original Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Nothing in this agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all terms and provisions thereof, as amended by this Agreement.



February 11, 2009
The HOPE Team
CHL Loan #: 167097238

WDGARMNR 8124 03/26/2008

7. In consideration of this Modification, Borrower agrees that if any document related to the Security Instrument, Note and/or Modification is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan, or is otherwise missing upon the request of the Lender, Borrower(s) will comply with Lender's request to execute acknowledge, initial and deliver to Lender any documentation Lender deems necessary to replace or correct the lost misplaced, misstated, inaccurate or otherwise missing document(s). If the original promissory note is replaced the Lender hereby indemnifies the Borrower(s) against any loss associated with a demand on the original note. All documents Lender requests of borrower(s) shall be referred to as Documents. Borrower agrees to deliver the Documents within ten (10) days after receipt by Borrower(s) of a written request for such replacement.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_Morgan Brady_                                        Dated: _2-24-09_
MORGAN BRADY

STATE OF _Missouri_

COUNTY OF _Cass_

On _2/24/09_ before me, _Debbie E. Ball_ Notary Public, personally appeared
_Morgan Brady_
personally known to me or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Debbie E. Ball_                          DEBBIE E. BALL
Signature                                 Notary Public - Notary Seal
                                          State of Missouri
                                          Commissioned for Cass County
                                          My Commission Expires Sept. 10, 2010

Countrywide Home Loans Servicing LP

By: _____    Dated: _____

ELECTRONICALLY FILED
8/5/2010 6:45 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

1 of 2

**Bank of America** 

Home Loans

Customer Service
PO Box 5170
Simi Valley, CA 93062-5170


0019553 01 AV 0.335 **AUTO T6 2 6899 64055-3249
MSR CZ AO 0401----0--2--- C0000068 IN 1 P 19591
MORGAN BRADY
3808 S Main St
Independence MO 64055-3249

1-800-669-0102

---

**IMPORTANT NOTICE**

If you and BAC Home Loans Servicing, LP have entered into an agreement to address your monthly payments, please make payments in accordance with this agreement.

If you have qualified for an interest rate reduction based upon current active military service, subsequent statements may not reflect the reduced payment amount. Please refer to the notice previously sent to you for the reduced payment amount.

*making Home affordable . gov*

---

| HOME LOAN SUMMARY | Home loan overview as of 08/28/2009 | | Amount due on 09/01/2009 as of 08/28/2009 | |
|---|---|---|---|---|
| | Principal balance | $146,663.78 | Home loan payment due 09/01/2009 | $1,168.84 |
| | Escrow balance | -$554.32 | Past due payment amount | 10,698.41 |
| | Late Charge if payment received after 09/16/2009 | $47.70 | Partial payment balance (see next page for account details) | 5,666.80 |

---

Calls may be monitored or recorded to ensure quality service. We may charge you a fee for any payment returned or rejected by your financial institution, subject to applicable law.

**PAYMENT INSTRUCTIONS**
1. Please
   • don't send cash
   • don't staple your check to the payment coupon
   • don't include correspondence
   • include coupon with payment
2. Write the account number on the check or money order.
3. Write in any additional amounts you are including.
4. Make your check payable to
   BAC Home Loans Servicing, LP
   Attn: Remittance Processing
   PO Box 650070
   Dallas, TX 75265-0070

Account number 167097238 (7)
Morgan Brady
1164 W Beach Blvd Unit 6d
Gulf Shores, AL 36542

SEE OTHER SIDE FOR IMPORTANT INFORMATION 6899

BAC Home Loans Servicing, LP
PO Box 650070
Dallas, TX 75265-0070

Please update e-mail information on the reverse side of this coupon.

Additional Principal

Additional Escrow

Check total

167097238700000116884000121654

⑈586990058⑈ 167097238⑈

ELECTRONICALLY FILED
8/5/2010 6:45 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

 

We make home possible®

October 30, 2009

MORGAN BRADY
3808 S Main St
Independence, MO 64055

Loan Number: 167097238
Call 1.877.422.1905
Personal Identification Number: 0739232

Dear MORGAN BRADY:

Freddie Mac is the owner of your mortgage, and we were recently notified by your mortgage lender, BAC Home Loans Servicing, LP, that you've fallen behind in your payments. We recognize that these are difficult times for many homeowners and we want to help. We've retained Home Retention Services to work directly with you and BAC Home Loans Servicing, LP to try to make your mortgage payments more affordable. If you are already working with BAC Home Loans Servicing, LP to modify your mortgage, please continue to do so and disregard this letter.

You may be eligible for the Home Affordable Modification Program, which is part of the federal Making Home Affordable Program to help homeowners avoid foreclosure whenever possible. We may be able to modify your mortgage to give you a new, more affordable mortgage payment. There are no costs associated with this program.

**Here's how it works:** First, Home Retention Services will determine if you are eligible, based on your financial situation. If you are, Home Retention Services will look at your monthly income and housing costs, including any past due payments, and then determine an affordable mortgage payment. At first, you will make the new monthly mortgage payment during a Trial Period. If you make those payments successfully and fulfill all Trial Period conditions, BAC Home Loans Servicing, LP will permanently modify your mortgage loan.

The modification may involve one or more of the following changes: **1)** bringing your account current; **2)** reducing the interest rate on your loan; **3)** extending the term of the loan, and/or **4)** delaying your repayment of a portion of the mortgage principal until the end of the loan term.

Freddie Mac, Home Retention Services, and BAC Home Loans Servicing, LP are ready to make your mortgage payments more affordable, but we need you to set the process in motion. Take the first step toward keeping your home.

## ▌GATHER THE INFORMATION WE NEED TO HELP YOU

In order to expedite the review of your financial situation, we will need the following information:

- Your loan number
- The monthly pre-tax income of each borrower on the current loan
- Information about any financial hardship you are experiencing

## ▌CALL TODAY

Contact Home Retention Services at 1.877.422.1905 Monday through Friday from 7:00 AM to 11:00 PM CST and Saturday from 7:00 AM to 6:00 PM. When you call, please be prepared to use your assigned PIN number: 0739232. No matter your situation—even if you're already in the foreclosure process—Home Retention Services can help you understand your options. You may receive a phone call from Home Retention Services representatives to discuss this program, but there is no need to wait. Call today to get help.

Please carefully review the Important Disclosures and other information contained on the next page to fully understand your legal rights and for more information about your loan.

Sincerely,

Freddie Mac Default Asset Management

*This communication and the phone number provided are operated by Home Retention Services, Inc. 9700 Bissonnet Street, Suite 1500, Houston, Texas 77036. Home Retention Services, Inc. has been authorized by Freddie Mac to assist with this program.*

ELECTRONICALLY FILED
8/5/2010 6:45 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

**HARRELL, WHETSTONE & MONAGHAN,**
ATTORNEYS AT LAW
1703 GULF SHORES PARKWAY
GULF SHORES, AL 36542
(251) 968-1555
www.harrellandwhetstone.com

C. ANDREW HARRELL, JR.
cah@harrellandwhetstone.com

J. DAVID WHETSTONE
jdw@harrellandwhetstone.com

B. ANDREW MONAGHAN .
bam@harrellandwhetstone.com

MAILING ADDRESS
POST OFFICE BOX 4850
GULF SHORES, AL 36547

FAX
(251) 968-1550

May 5, 2010

**BAC Home Loans Servicing, LP**
**Attn: Customer Service CA6-919-01-41**
**P. O. Box 5170**
**Simi Valley, CA 93062-5170**

**ATTENTION CUSTOMER SERVICE:**

Subject:     **Loan Number 167097238**
             Morgan Brady
             1144 West Beach Blvd. Unit 6D
             Gulf Shores, AL  36542-6200

**This is a "qualified written request" under Section 6 of the Real Estate Settlement
Procedures Act (RESPA).**

**Our firm represents the above referenced borrower, Morgan Brady.**

**We are writing because Bank of America has failed to credit payments properly and
has altered the terms of the loan in violation of the Real Estate Settlement
Procedure Act.**

Our client is current on principal, interest and PMI payments in accordance with the
terms of the modification of her mortgage performed on February 11, 2009 by
Countrywide Home Loans.

Our client has attempted to resolve this dispute following all procedures and
recommendations from the Bank of America Customer Service department and her
requests have been unfairly denied.

BAC Home Loan Servicing, LP has reported late payments on this loan to all of the
major credit reporting agencies and has taken other punitive measures based on the
alleged late loan payments.  It is clear from the borrowers' payment history and the
extraordinary efforts she has taken to resolve this matter that such an extreme measure is
unnecessary, unwarranted and not legally enforceable.

Our client has on numerous occasions attempted to resolve this problem through calls and letters to Bank of America Customer Service. We have in our possession copies of the related correspondence with Countrywide and Bank of America. Attached is our client's summary of the conversations between our client and Countrywide and Bank of America Customer Service Representatives.

Due to the inability of Bank of America Customer Service and our client to resolve this issue we have been retained to represent the Borrower in this dispute. We may be contacted at the address and telephone numbers above.

**All collection efforts and negative credit reporting should cease until we have had an opportunity to resolve this dispute through the proper legal procedures.**

**Under Section 6 of RESPA you are required to acknowledge our request within 20 business days and must try to resolve the issue within 60 business days.**

Sincerely,

B. Andrew Monaghan
C. Andrew Harrell, Jr.
Attorneys for Morgan Brady

enclosures: 3 pgs.

Cc:    Morgan Brady

ARTICLE #
7010 0290  0000 6891 5213

2

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>05-CV-2010-901446.00 |
|---|---|---|

**IN THE CIVIL COURT OF BALDWIN, ALABAMA**
**MORGAN BRADY v. BANK OF AMERICA ET AL**

BANK OF AMERICA, 2000 INTERSTATE PARK DR. SUITE 204, MONTGOMERY, AL 36109

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CHARLES ANDREW HARRELL, JR. JR.

WHOSE ADDRESS IS POST OFFICE BOX 4850, GULF SHORES, AL 36547

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   MORGAN BRADY
pursuant to the Alabama Rules of the Civil Procedure

| 8/5/2010 6:45:58 PM | /s JODY WISE CAMPBELL | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s CHARLES ANDREW HARRELL,<br>JR. JR.<br>Plaintiff's/Attorney's Signature |
|---|---|

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date                                   Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>05-CV-2010-901446.00 |
|---|---|---|

## IN THE CIVIL COURT OF BALDWIN, ALABAMA
## MORGAN BRADY v. BANK OF AMERICA ET AL

BAC HOME LOANS SERVICING, LP, 7105 CORPORATE DRIVE, PLANO, TX 75024

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CHARLES ANDREW HARRELL, JR. JR.

WHOSE ADDRESS IS POST OFFICE BOX 4850, GULF SHORES, AL 36547

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  MORGAN BRADY
pursuant to the Alabama Rules of the Civil Procedure

| 8/5/2010 6:45:58 PM | /s JODY WISE CAMPBELL | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s CHARLES ANDREW HARRELL,<br>JR. JR.<br>Plaintiff's/Attorney's Signature |
|---|---|

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____

Date                                        Server's Signature

| State of Alabama Unified Judicial System Form C-34   Rev 6/88 | SUMMONS - CIVIL ORIGINAL | Case Number: 05-CV-2010-901446.00 |
|---|---|---|

## IN THE CIVIL COURT OF BALDWIN, ALABAMA
## MORGAN BRADY v. BANK OF AMERICA ET AL

**NOTICE TO**  BAC HOME LOANS SERVICING, LP, 7105 CORPORATE DRIVE, PLANO, TX 75024

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CHARLES ANDREW HARRELL, JR. JR.

WHOSE ADDRESS IS POST OFFICE BOX 4650, GULF SHORES, AL 36547

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   MORGAN BRADY
  pursuant to the Alabama Rules of the Civil Procedure

| 8/5/2010 6:45:58 PM | /s JODY WISE CAMPBELL | _SCW_ |
|---|---|---|
| **Date** | **Clerk/Register** | **By** |

☑ Certified mail is hereby requested    /s CHARLES ANDREW HARRELL, JR. JR.
  **Plaintiff's/Attorney's Signature**

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, A

**7010 0290 0000 6076 3027**

_____

**Date**    **Server's Signature**

## 05-CV-2010-901446.00
### MORGAN BRADY v. BANK OF AMERIC

**C001 - MORGAN BRADY**    v.   **D002 - BAC HO**
**Plaintiff**

05-CV-2010-901446.00  D002

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL ☐ ORIGINAL | Case Number:<br>05-CV-2010-901446.00 |
| --- | --- | --- |

## IN THE CIVIL COURT OF BALDWIN, ALABAMA
## MORGAN BRADY v. BANK OF AMERICA ET AL

**NOTICE TO** BANK OF AMERICA, 2000 INTERSTATE PARK DR. SUITE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CHARLES ANDREW HARRELL, JR. JR.

WHOSE ADDRESS IS POST OFFICE BOX 4650, GULF SHORES, AL 36547

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  **MORGAN BRADY**
   pursuant to the Alabama Rules of the Civil Procedure

| 8/5/2010 6:45:58 PM | /s JODY WISE CAMPBELL | _SCW_ |
| --- | --- | --- |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s CHARLES ANDREW HARRELL,<br>JR.<br>Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, A

Date _____    Server's Signature

**05-CV-2010-901446.00**
MORGAN BRADY v. BANK OF AMERIC

C001 - MORGAN BRADY     v.   D001 - BANK O
    Plaintiff

7010 0290 0000 4338 0166

U.S. Postal Service ™<br>CERTIFIED MAIL ™ RECEIPT<br>(Domestic Mail Only; No Insurance Coverage Provided)<br>For delivery information visit our website at www.usps.com ™<br>OFFICIAL USE

05-CV-2010-901446.00 D001

**SERVICE RETURN COPY**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BANK OF AMERICA
2000 INTERSTATE PARK DR.
SUITE 204
MONTGOMERY, AL 36109

CV10- 901446  D001

**COMPLETE THIS SECTION ON DELIVERY**



A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery   8/11/10

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

AUG 16 2010

JODY W. CAMPBELL
CIRCUIT CLERK

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

   7010 0290 0000 4338 0166

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Circuit Clerk
312 Courthouse Square, Suite 10
Bay Minette, AL 36507

**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BAC HOME LOANS SERVICING, LP
7105 CORPORATE DRIVE
PLANO, TX 75024

COMPLETE THIS SECTION ON DELIVERY

A. Signature

☒ Bank of America Home Loans  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Plano Mail (Printed Name)
Plano, TX 75024

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☒ No

CIRCUIT COURT
BALDWIN COUNTY
FILED

AUG 13 2010

JODY W. CAMPBELL
CIRCUIT CLERK

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

CV10-901446   D002

2. Article Number
(Transfer from service label)

7010 0290 0000 6076 3027

PS Form 3811, February 2004      Domestic Return Receipt

102595-02-M-1540

 CT Corporation

2 North Jackson Street
Suite 605
Montgomery, AL 36104

800 592 9023 tel
www.ctlegalsolutions.com

August 11, 2010

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

AUG 16 2010

JODY W. CAMPBELL
CIRCUIT CLERK

Circuit Clerk
312 Courthouse Square,
Suite 10,
Bay Minette, AL 36507

Re: Morgan Brady, Pltf. vs. Bank of America, et al., Dfts.

Case No. CV-2010-901446.00

Dear Sir/Madam:

We are herewith returning the Notice, Summons, Complaint, Attachment, Coversheet which we received regarding the above captioned matter.

Our records indicate that we represent more than one entity beginning with the name: Bank of America. In order that we may properly process the enclosed documents(s), we must be provided with the full name of the entity for which it is intended.

Should you make this determination, please note the full name of the entity on the envelope, return the document(s) to us and we will be glad to forward it on.

Very truly yours,

Laura Payne
CT Rep

Log# 517096631

FedEx Tracking# 791903910297

cc: Baldwin County Circuit Court
312 Courthouse Square,
Suite 10,
Bay Minette, AL 36507

 CT Corporation

2 North Jackson Street
Suite 605
Montgomery, AL 36104

800 592 9023 tel
www.ctlegalsolutions.com

August 11, 2010

COPY

Circuit Clerk
312 Courthouse Square,
Suite 10,
Bay Minette, AL  36507

Re:  Morgan Brady, Pltf. vs. Bank of America, et al., Dfts.

Case No.  CV-2010-901446.00

Dear Sir/Madam:

We are herewith returning the Notice, Summons, Complaint, Attachment, Coversheet which we received regarding the above captioned matter.

Our records indicate that we represent more than one entity beginning with the name: Bank of America. In order that we may properly process the enclosed documents(s), we must be provided with the full name of the entity for which it is intended.

Should you make this determination, please note the full name of the entity on the envelope, return the document(s) to us and we will be glad to forward it on.

Very truly yours,

Laura Payne
CT Rep

Log# 517096631

FedEx Tracking# 791903910297

cc:  Baldwin County Circuit Court
312 Courthouse Square,
Suite 10,
Bay Minette, AL  36507

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

AUG 16 2010

JODY W. CAMPBELL
CIRCUIT CLERK



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To:  HARRELL CHARLES ANDREW JR
cah@harrellandwhetstone.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

### MORGAN BRADY V. BANK OF AMERICA ET AL
### 05-CV-2010-901446.00

The following matter was served on 8/13/2010

### D002 BAC HOME LOANS SERVICING, LP
### CERTIFIED MAIL

**JODY WISE CAMPBELL**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To: MONAGHAN BARNEY ANDREW
bam@harrellandwhetstone.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

### MORGAN BRADY V. BANK OF AMERICA ET AL
### 05-CV-2010-901446.00

The following matter was served on 8/13/2010

### D002 BAC HOME LOANS SERVICING, LP
### CERTIFIED MAIL

**JODY WISE CAMPBELL**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
8/17/2010 1:13 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| BRADY MORGAN, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Case No.:  CV-2010-901446.00 |
| | ) | |
| BANK OF AMERICA, | ) | |
| BAC HOME LOANS SERVICING, LP, | ) | |
| Defendants. | ) | |

### ORDER

**DISCOVERY:** Parties shall comply with ARCP 5(d) as to non-filing of discovery. Discovery **shall not** be attached to motions to compel unless the motion applies to a specific discovery request.  Pleadings, previously filed documents and legal authorities shall not be filed with motions.

**PRE-TRIAL/STATUS DATE:** This case is set for a pre-trial/status conference on the **14TH day of FEBRUARY 2011.  AN ATTORNEY FOR EACH PARTY MUST ATTEND. IF THE PARTIES AGREE, A PROPOSED JOINT DISCOVERY ORDER MAY BE ELECTRONICALLY FILED AS A MOTION AT LEAST 3 WORKING DAYS PRIOR TO THE HEARING DATE.**

If an agreement cannot be reached prior to the above date, then attorneys for all parties shall appear at at the conference hearing.  Any attorney failing to appear without due cause shall waive his/her position as to discovery and trial dates.

If the parties file a Joint Discovery Order, the Proposed Order shall include a discovery cutoff date, including all dates for written discovery requests, depositions, and expert disclosures.

A trial date will be set by the Court upon receipt of the proposed order or at the conference.  **Once the trial date is set, the Court will not consider a continuance, except in extraordinary circumstances.**

**MEDIATION:** The Court recommends and encourages mediation.  Request for mediaiton should be made to the Court in writing.  **The mediator shall schedule a conference, which shall be attended, in person, by the parties, their attorneys and, if insurance is involved, a representative of the insurer(s) with full and complete authority.  The mediator shall notify the Court immediately of any person that does not comply with this Order.**

**MOTIONS: Non-dispositive-** The Court encourages all parties to make every effort to resolve discovery issues prior to the filing of any motion to compel or request for sanctions.

**Dispositive-** All dispositive motions must be filed at least **60 days** prior to the trial date. Responses must be filed within **20 days** thereafter, but in no event less than 2 working days prior to any motion hearing date, if oral argument is granted.

**ANY FILING AFTER 4:00 P.M. WILL BE DEEMED FILED THE FOLLOWING BUSINESS DAY FOR REVIEW BY THE COURT.**

<u>**OTHER:**</u> Any request for deviation from this Order must be in writing by motion properly presented to the Court.

**DONE this 17th day of August, 2010.**

**/s J LANGFORD FLOYD**
**CIRCUIT JUDGE**

**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To:  HARRELL CHARLES ANDREW JR
cah@harrellandwhetstone.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

**MORGAN BRADY v. BANK OF AMERICA ET AL**
**05-CV-2010-901446.00**

The following matter was FILED on 8/17/2010 1:13:41 PM

Notice Date:     8/17/2010 1:13:41 PM

**JODY WISE CAMPBELL**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To:  MONAGHAN BARNEY ANDREW
bam@harrellandwhetstone.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

**MORGAN BRADY v. BANK OF AMERICA ET AL**
**05-CV-2010-901446.00**

The following matter was FILED on 8/17/2010 1:13:41 PM

Notice Date:      8/17/2010 1:13:41 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To:  BANK OF AMERICA (PRO SE)
2000 INTERSTATE PARK DR.
SUITE 204
MONTGOMERY, AL 36109

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MORGAN BRADY v. BANK OF AMERICA ET AL
05-CV-2010-901446.00

The following matter was FILED on 8/17/2010 1:13:41 PM

Notice Date:      8/17/2010 1:13:41 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To: BAC HOME LOANS SERVICING, LP (PRO SE)
7105 CORPORATE DRIVE
PLANO, TX 75024

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MORGAN BRADY v. BANK OF AMERICA ET AL
05-CV-2010-901446.00

The following matter was FILED on 8/17/2010 1:13:41 PM

Notice Date:      8/17/2010 1:13:41 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To:  HARRELL CHARLES ANDREW JR
cah@harrellandwhetstone.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

### MORGAN BRADY V. BANK OF AMERICA ET AL
### 05-CV-2010-901446.00

The following matter was served on 8/11/2010

### D001 BANK OF AMERICA
### CERTIFIED MAIL

**JODY WISE CAMPBELL**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To: MONAGHAN BARNEY ANDREW
bam@harrellandwhetstone.com

# NOTICE OF SERVICE

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

**MORGAN BRADY V. BANK OF AMERICA ET AL**
**05-CV-2010-901446.00**

The following matter was served on 8/11/2010

**D001 BANK OF AMERICA**
**CERTIFIED MAIL**

**JODY WISE CAMPBELL**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

 **CT Corporation**

2 North Jackson Street
Suite 605
Montgomery, AL 36104

800 592 9023 tel
www.ctlegalsolutions.com

August 25, 2010

BALDWIN CIRCUIT COURT
COUNTY, AL

AUG 3 2010

JODY W. CAMPBELL
CIRCUIT CLERK

Re: Brady Morgan, Pltf. vs. Bank of America, et al., Dfts.

Case No. 05-CV-2010-901446

Dear Sir/Madam:

We are herewith returning the Notice, Order which we received regarding the above captioned matter.

Our records indicate that we represent more than one entity beginning with the name: Bank of America. In order that we may properly process the enclosed documents(s), we must be provided with the full name of the entity for which it is intended.

Should you make this determination, please note the full name of the entity on the envelope, return the document(s) to us and we will be glad to forward it on.

Very truly yours,

*Laura Payne*

Laura Payne
CT Rep

Log# 517174326

FedEx Tracking# 790355683082

cc: Baldwin County Circuit Court
    312 Courthouse Square,
    Suite 10,
    Bay Minette, AL  36507



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To: BANK OF AMERICA (PRO SE)
2000 INTERSTATE PARK DR.
SUITE 204
MONTGOMERY, AL 36109

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

### MORGAN BRADY v. BANK OF AMERICA ET AL
### 05-CV-2010-901446.00

The following matter was FILED on 8/17/2010 1:13:41 PM

Notice Date:     8/17/2010 1:13:41 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
8/17/2010 1:13 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BRADY MORGAN,              )
Plaintiffs,                 )
                           )
V.                       )  Case No.:  CV-2010-901446.00
                           )
BANK OF AMERICA,         )
BAC HOME LOANS SERVICING, LP,  )
Defendants.               )

### ORDER

**DISCOVERY:** Parties shall comply with ARCP 5(d) as to non-filing of discovery. Discovery **shall not** be attached to motions to compel unless the motion applies to a specific discovery request. Pleadings, previously filed documents and legal authorities shall not be filed with motions.

**PRE-TRIAL/STATUS DATE:** This case is set for a pre-trial/status conference on the 14TH day of FEBRUARY 2011. AN ATTORNEY FOR EACH PARTY MUST ATTEND. IF THE PARTIES AGREE, A PROPOSED JOINT DISCOVERY ORDER MAY BE ELECTRONICALLY FILED AS A MOTION AT LEAST 3 WORKING DAYS PRIOR TO THE HEARING DATE.

If an agreement cannot be reached prior to the above date, then attorneys for all parties shall appear at the conference hearing. Any attorney failing to appear without due cause shall waive his/her position as to discovery and trial dates.

If the parties file a Joint Discovery Order, the Proposed Order shall include a discovery cutoff date, including all dates for written discovery requests, depositions, and expert disclosures.

A trial date will be set by the Court upon receipt of the proposed order or at the conference. Once the trial date is set, the Court will not consider a continuance, except in extraordinary circumstances.

**MEDIATION:** The Court recommends and encourages mediation. Request for mediaiton should be made to the Court in writing. The mediator shall schedule a conference, which shall be attended, in person, by the parties, their attorneys and, if insurance is involved, a representative of the insurer(s) with full and complete authority. The mediator shall notify the Court immediately of any person that does not comply with this Order.

**MOTIONS:** Non-dispositive- The Court encourages all parties to make every effort to resolve discovery issues prior to the filing of any motion to compel or request for sanctions.

**Dispositive-** All dispositive motions must be filed at least **60 days** prior to the trial date. Responses must be filed within **20 days** thereafter, but in no event less than 2 working days prior to any motion hearing date, if oral argument is granted.

**ANY FILING AFTER 4:00 P.M. WILL BE DEEMED FILED THE FOLLOWING BUSINESS DAY FOR REVIEW BY THE COURT.**

**OTHER:** Any request for deviation from this Order must be in writing by motion properly presented to the Court.

DONE this 17ᵗʰ day of August, 2010.

/s J LANGFORD FLOYD
CIRCUIT JUDGE

ELECTRONICALLY FILED
9/2/2010 12:34 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

**STATE OF ALABAMA**   Revised 3/5/08

Unified Judicial System

05-BALDWIN                    ☐ District Court    ☑ Circuit Court    CV2...   Case...

**CIVIL MOTION COVER SHEET**

MORGAN BRADY V. BANK OF AMERICA ET AL

*Name of Filing Party:* C001 - BRADY MORGAN

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.* | ☐ Oral Arguments Requested |
|---|---|
| CHARLES ANDREW HARRELL, JR. JR. | |
| POST OFFICE BOX 4850 | |
| GULF SHORES, AL 36547 | |
| *Attorney Bar No.:* HAR241 | |

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite |
| _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| ☐ Local Court Costs $ _____ | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Motion to Deem Bank of America Served |
| | pursuant to Rule  N/A   (Subject to Filing Fee) |

| ☐ Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the state, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | Date: 9/2/2010 12:29:37 PM | Signature of Attorney or Party: /s CHARLES ANDREW HARRELL, JR. JR. |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
9/2/2010 12:34 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| MORGAN BRADY, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.:   05-CV-2010-901446 |
| BANK OF AMERICA, et al., | * | |
| Defendants. | * | |

## MOTION TO DEEM BANK OF AMERICA SERVED

The Plaintiff, Morgan Brady, respectfully requests this Honorable Court to deem Defendant Bank of America served August 11, 2010, with Plaintiff's Complaint in the above-styled case, and as grounds for said request states as follows:

1.      The Plaintiff instituted the present action by filing her complaint on August 5, 2010.

2.      Defendant Bank of America was served on August 11, 2010 by certified mail in its registered agent in the State of Alabama.  (A copy of the return receipt is attached hereto as Exhibit "A.")

3.      Subsequent to Defendant Bank of America's registered agent properly receiving service, CT Corporation returned the summons and complaint to the Court with a cover letter dated August 11, 2010, claiming that because it represents "more than one entity beginning with the name: Bank of America" it requires the full name of the entity in order to forward the summons and complaint to Defendant Bank of America. (A copy of the letter is attached hereto as Exhibit "B.")

4.      Upon review of the Alabama Secretary of State web site, there is only one entity listed with the name "Bank of America".  (See the Business Entity Search by Name printout attached hereto as Exhibit "C".)  Furthermore, according to the Alabama Secretary of State web page, the only listed Bank of America has a principal address located in North Carolina and has a registered address

that is the same as where the summons and complaint were served by certified mail. (See the Business Entity Details printout attached hereto as Exhibit "D".)

     5.     Finally, during a conversation between the undersigned and Darren Payne, who held himself out to be a representative of CT Corporation and who contacted the undersigned in response to the letter attached hereto as Exhibit "E", CT Corporation in fact is the registered agent for Bank of America but would not forward the summons and complaint without the Defendant being identified as Bank of America, National Association. In other words, CT Corporation is requesting Plaintiff to re-serve it at additional time and cost to Plaintiff when such actions are wholly unnecessary.

     WHEREFORE, the Plaintiff respectfully requests this Honorable Court to enter an Order deeming that Defendant Bank of America was been properly served with Plaintiff's Complaint on August 11, 2010; and Plaintiff requests such other, further or different relief as may be just and proper.

                 Respectfully submitted,

                 /s/ C. Andrew Harrell, Jr.
                 C. Andrew Harrell, Jr. (HAR241)
                 /s/ B. Andrew Monaghan
                 B. Andrew Monaghan (MON040)
                 Attorneys for Plaintiff

## · **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 2nd day of September, 2010, served a copy of the foregoing pleading on counsel for all parties to this proceed by United States mail, first class postage prepaid, or via e-mail as follows:

Bank of America
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Darren Payne
Laura Payne
2 North Jackson Street
Suite 605
Montgomery, AL 36104

BAC Home Loans Servicing, LP
7105 Corporate Drive
Plano, Texas 75024

/s/ C. Andrew Harrell, Jr.
C. Andrew Harrell, Jr.

3

EXHIBIT A-1

ELECTRONICALLY FILED
9/2/2010 12:34 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BANK OF AMERICA

2000 INTERSTATE PARK DR.

SUITE 204

MONTGOMERY, AL 36109

CV10 - 901446  D001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery  8/11/10

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

AUG 16 2010

JODY W. CAMPBELL
CIRCUIT CLERK

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)

7010 0290 0000 4338 0166

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

---

**• Sender: Please print your name, address, and ZIP+4 in this box •**

Circuit Clerk
312 Courthouse Square, Suite 10
Bay Minette, AL 36507

9/2/2010 12:34 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

 CT Corporation

2 North Jackson Street
Suite 605
Montgomery, AL 36104

800 592 90
www.ctlegal

August 11, 2010

# COPY

Circuit Clerk
312 Courthouse Square,
Suite 10,
Bay Minette, AL 36507

Re: Morgan Brady, Pltf. vs. Bank of America, et al., Dfts.

Case No. CV-2010-901446.00

Dear Sir/Madam:

We are herewith returning the Notice, Summons, Complaint, Attachment, Coversheet which we received regarding the above captioned matter.

Our records indicate that we represent more than one entity beginning with the name: Bank of America. In order that we may properly process the enclosed documents(s), we must be provided with the full name of the entity for which it is intended.

Should you make this determination, please note the full name of the entity on the envelope, return the document(s) to us and we will be glad to forward it on.

Very truly yours,

Laura Payne
CT Rep

Log# 517096631

FedEx Tracking# 791903910297

cc: Baldwin County Circuit Court
312 Courthouse Square,
Suite 10,
Bay Minette, AL 36507

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

AUG 16 2010

JODY W. CAMPBELL
CIRCUIT CLERK

Business Entity Search By Name

Case 1:10-cv-00493-CG-M   Document 1-1   Filed 09/09/10   Page ELECTRONICALLY FILED
Exhibit C
9/2/2010 12:34 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK



# Government Records
# ALABAMA SECRETARY OF STATE
## BETH CHAPMAN



Home      Government Records      Business Entities      Search

## Business Entity Search By Name

| Entity ID | Entity Name | City | Type | Status |
|---|---|---|---|---|
| 915 - 379 | Bank of America, National Association | CHARLOTTE, NC | Foreign Corporation | Exists |
| 705 - 863 | American Bank Production of Huntsville, Inc. | HUNTSVILLE, AL | Domestic Corporation | Exists |
| 850 - 286 | American Bankers Insurance Company of Florida | MIAMI, FL | Foreign Corporation | Exists |
| 850 - 287 | American Bankers Life Assurance Company of Florida | MIAMI, FL | Foreign Corporation | Exists |
| 065 - 641 | American Institute of Banking of Birmingham, Inc. | BIRMINGHAM, AL | Domestic Non-Profit | Previous Name |
| 066 - 012 | Baldwin County Chapter American Institute of Banking, Inc. | BAY MINETTE, AL | Domestic Non-Profit | Dissolved |
| 712 - 327 | Bank Building & Equipment Corp. of America | ST. LOUIS, MO | Foreign Corporation | Withdrawn |
| 850 - 741 | Bank Building & Equipment Corporation of America | ST. LOUIS, MO | Foreign Corporation | Revoked |
| 850 - 742 | Bank Consultants of America, Inc. | DENVER, CO | Foreign Corporation | Revoked |
| 715 - 924 | Birmingham Chapter of the American Institute of Banking | BIRMINGHAM, AL | Domestic Non-Profit | Exists |
| 918 - 098 | BMW Bank of North America, Inc. | SALT LAKE CITY, UT | Foreign Corporation | Exists |
| 730 - 176 | Co-Operative Bank of North America | BIRMINGHAM, AL | Domestic Non-Profit | Exists |
| 066 - 643 | East Alabama Chapter of The American Institute of Banking | AUBURN, AL | Domestic Non-Profit | Dissolved |
| 041 - 505 | First American Bank of Pelham | PELHAM, AL | Domestic Corporation | Merged |
| 896 - 342 | First American Bank of Pensacola, National Association | PENSACOLA, FL | Foreign Corporation | Withdrawn |
| 910 - 835 | First American Bank of Pensacola, National Association | PENSACOLA, FL | Foreign Corporation | Exists |
| 863 - 596 | First American National Bank of Nashville | NASHVILLE, TN | Foreign Corporation | Withdrawn |
| 772 - 687 | The Mobile Chapter of the American Institute of Banking | MOBILE, AL | Domestic Non-Profit | Exists |
| 815 - 810 | The Montgomery Area Chapter of the American Institute of Banking, Inc. | MONTGOMERY, AL | Domestic Non-Profit | Dissolved |
| 067 - 168 | Tuscaloosa Chapter of the American Institute of Banking, Inc. | TUSCALOOSA, AL | Domestic Non-Profit | Dissolved |
| 1 | | | | |

New Search

P.O. Box 5616
Montgomery, AL 36103-5616

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993

Business Entity Details   Case 1:10-cv-00493-CG-M   Document 1-1   Filed 09/09/10   ELECTRONICALLY FILED
9/2/2010 12:34 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

Exhibit D



Government Records
ALABAMA SECRETARY OF STATE
BETH CHAPMAN

Home      Government Records      Business Entities      Search      Details

## Business Entity Details

| Bank of America, National Association | |
|---|---|
| Entity ID Number | 915 - 379 |
| Entity Type | Foreign Corporation |
| Principal Address | 100 NORTH TRYON STREET<br>CHARLOTTE, NC 28255 |
| Status | Exists |
| Place of Formation | United States |
| Formation Date | 3-1-1927 |
| Qualify Date | 2-2-2000 |
| Registered Agent | THE CORPORATION COMPANY<br>2000 INTERSTATE PARK DRIVE SUITE 204<br>MONTGOMERY, AL 36109 |
| Nature of Business | --- |
| Capital Authorized | |
| Capital Paid In | |
| Annual Reports | |
| Report Year | 1999  2000  2001  2002  2003  2004  2005  2006  2007<br>2008  2009 |
| | |

Browse Results          New Search

P.O. Box 5616
Montgomery, AL 36103-5616

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993

ELECTRONICALLY FILED
9/2/2010 12:34 PM
CV-2010-901446.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

# HARRELL, WHETSTONE & MONAGHAN

**ATTORNEYS AT LAW**
1703 GULF SHORES PARKWAY
GULF SHORES, AL 36542
(251) 968-1555
www.harrellandwhetstone.com

C. ANDREW HARRELL, JR.
cah@harrellandwhetstone.com

J. DAVID WHETSTONE
jdw@harrellandwhetstone.com

B. ANDREW MONAGHAN
bam@harrellandwhetstone.com

**MAILING ADDRESS**
POST OFFICE BOX 4850
GULF SHORES, AL 36547

**FAX**
(251) 968-1550

August 24, 2010

Laura Payne
CT Corporation
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

VIA FIRST CLASS MAIL

   RE: *Morgan Brady v Bank of America, et al.*
      Case No. CV-2010-901446

Dear Ms. Payne:

  The Baldwin County Circuit Court Clerk forwarded me your August 11, 2010 letter concerning the service on Bank of America, a copy which is enclosed for your reference.

  The formal name of the defendant being sued in the above referenced case is Bank of America, National Association. In reviewing the records of the Secretary of State, only one Bank of America is listed in the state of Alabama. Furthermore, it is listed by the Alabama Secretary of State as a North Carolina corporation that is registered to do business in the state of Alabama as alleged in the complaint.

  Our position is that service in this matter was proper. As such, if Bank of America fails to respond to our complaint within thirty (30) days of the date of the service, which according to the notice that I received from the Court was August 11, 2010, we will be filing a motion for default judgement.

  If you have any questions or would like to discuss this matter further, please call.

            Sincerely,

            C. Andrew Harrell, Jr.

CAHJR/kc

cc: Morgan Brady

Exhibit E



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To:  CHARLES ANDREW HARRELL, JR. JR.
cah@harrellandwhetstone.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MORGAN BRADY v. BANK OF AMERICA ET AL
05-CV-2010-901446.00

The following matter was FILED on 9/2/2010 12:34:34 PM

C001 BRADY MORGAN

MOTION TO DEEM BANK OF AMERICA SERVED

[Attorney: HARRELL C ANDREW JR]

Notice Date:       9/2/2010 12:34:34 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To: BANK OF AMERICA (PRO SE)
2000 INTERSTATE PARK DR.
SUITE 204
MONTGOMERY, AL 36109

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

**MORGAN BRADY v. BANK OF AMERICA ET AL**
**05-CV-2010-901446.00**

The following matter was FILED on 9/2/2010 12:34:34 PM

**C001 BRADY MORGAN**
**MOTION TO DEEM BANK OF AMERICA SERVED**

[Attorney: HARRELL C ANDREW JR]

Notice Date: 9/2/2010 12:34:34 PM

**JODY WISE CAMPBELL**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To:  BAC HOME LOANS SERVICING, LP (PRO SE)
7105 CORPORATE DRIVE
PLANO, TX 75024

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MORGAN BRADY v. BANK OF AMERICA ET AL
05-CV-2010-901446.00

The following matter was FILED on 9/2/2010 12:34:34 PM

C001 BRADY MORGAN
MOTION TO DEEM BANK OF AMERICA SERVED

[Attorney: HARRELL C ANDREW JR]

Notice Date:      9/2/2010 12:34:34 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To:  HARRELL CHARLES ANDREW JR
cah@harrellandwhetstone.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MORGAN BRADY v. BANK OF AMERICA ET AL
05-CV-2010-901446.00

The following matter was FILED on 9/2/2010 12:34:34 PM

C001 BRADY MORGAN
MOTION TO DEEM BANK OF AMERICA SERVED

[Attorney: HARRELL C ANDREW JR]

Notice Date:      9/2/2010 12:34:34 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



**AlaFile E-Notice**

05-CV-2010-901446.00

Judge: J LANGFORD FLOYD

To:  MONAGHAN BARNEY ANDREW
bam@harrellandwhetstone.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

**MORGAN BRADY v. BANK OF AMERICA ET AL
05-CV-2010-901446.00**

The following matter was FILED on 9/2/2010 12:34:34 PM

**C001 BRADY MORGAN**

**MOTION TO DEEM BANK OF AMERICA SERVED**

[Attorney: HARRELL C ANDREW JR]

Notice Date:      9/2/2010 12:34:34 PM

**JODY WISE CAMPBELL**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov